## HECKMAN vs. SWARTZ.

*September 23 — October 12, 1880.*

*Recovery of moneys paid on notes procured through duress. Compounding felony.*

1. By duress of imprisonment on a criminal charge, with threats of future prosecution if a certain sum of money be not paid him, and promise to dismiss the prosecution on such payment being made, A. induces B. to procure for him negotiable promissory notes for said sum from X., a friend of B.; and then causes the prosecution to be dismissed, and B. discharged. B. thereupon gives X. his (B.'s) own notes secured by mortgage for the same amount; and X. pays his notes to A. when due. B. is not guilty of said offense; the complaint against him fails to charge him with any offense; the warrant on which he was arrested is void on its face; and both complaint and warrant are colorable only. *Held,* That these facts do not show any compounding of felony; and, if otherwise, they would not show that X. was *particeps criminis.*

2. *It seems* that even if the original transaction had been illegal as to all the parties, yet, after it had been fully performed, and A. had received the avails of it, he might be compelled by B. to account, on the ground of its illegal character.

3. It is immaterial that X. paid his notes after the duress had ceased, such payment not having been induced by any act of B. after the duress had ceased.

4. If B., after his release from duress, might by suit have restrained payment of the money by X. to A., and rescinded the whole contract, yet his failure to do so is no defense to his action against A. for the amount.

APPEAL from the Circuit Court for *Green* County.

Action to recover $1,635 alleged to have been obtained by duress. Plaintiff appealed from an order sustaining a demurrer to the complaint.

*B. Dunwiddie,* for the appellant:

The complaint sufficiently alleges duress. Where there is an arrest for an improper purpose without just cause, or an arrest for a just cause but without lawful authority, or an arrest for a just cause and under lawful authority for an improper purpose, and the person arrested pays money for his

enlargement, he may be considered as having paid the money by duress of imprisonment, and may recover it back. *Richardson v. Duncan*, 3 N. H., 508; *Severance v. Kimball*, 8 id., 386. The plaintiff has done no act which deprives him of the right to recover. The complaint alleges that the defendant took the notes of the Mussers *as payment*, while the plaintiff was under duress. The Mussers could not resist payment of their notes, for the plea of duress is personal. The plaintiff could not, in any way, prevent such payment. Nor could the plaintiff avoid payment of his notes to the Mussers. They had done no wrong. No felony was compounded, for none had been committed.

The cause was submitted for the respondent on the brief of *Winans & McElroy:*

The complaint shows that the notes were given to the defendant to compound a criminal offense. They were therefore void. The Mussers were *participes criminis* in the transaction and the notes and mortgage given to them were also void. Payment by the Mussers of their notes long after all duress had ended, must be regarded as the voluntary liquidation of a void demand, and the sum so paid cannot be recovered. *Elston v. Chicago*, 40 Ill., 514; *Patterson v. Cox*, 25 Ind., 261; *Roll v. Raguet*, 4 Ohio, 418; *Raguet v. Roll*, 7 id., 78; *Moore v. Adams*, 8 id., 373; *Spaulding v. Bank*, 12 id., 545; *Greenwood v. Curtis*, 6 Mass., 381; *Worcester v. Eaton*, 11 id., 368; *Hill v. Green*, 4 Pick., 114; *White v. Buss*, 3 Cush., 449; *Ball v. Gilbert*, 12 Met., 397; *Merwin v. Huntington*, 2 Conn., 209; *Daimouth v. Bennett*, 15 Barb., 541; *Porter v. Havens*, 37 id., 343; *Conderman v. Trenchard*, 58 id., 165; *Fellows v. Van Hyring*, 23 How. Pr., 230; *Schultz v. Culbertson*, 46 Wis., 313.

ORTON, J. The complaint charges, in substance, that the defendant made complaint before a justice, charging the plaintiff with fornication, and obtained a criminal warrant for

his arrest, and he was arrested and imprisoned in the county jail by the direction and procurement of the defendant, and while he was so in custody and under duress of imprisonment, and threatened by the defendant with further imprisonment and prosecution for said offense, the defendant proposed to the plaintiff that if he, the plaintiff, would pay him, the defendant, the sum of $1,650, he should be discharged from said imprisonment and arrest, and that the prosecution should be dismissed, and threatened the plaintiff that, if he did not so pay, his imprisonment and prosecution should continue. By reason of such duress of imprisonment, threats, and putting in fear, and induced solely thereby, the plaintiff procured certain two of his friends, by the name of Musser, to give to the defendant their negotiable promissory notes for said sum, payable in ninety days, at ten per cent. interest, which the defendant then and there received in full satisfaction of said agreement, and for the plaintiff's release from such imprisonment and his discharge from such prosecution, and then and there did so release and discharge the plaintiff. The plaintiff thereupon gave to the said Mussers his notes, secured by mortgage, for the amount so paid to the defendant by them for the plaintiff, and said Mussers paid the defendant said amount when due. The plaintiff was not guilty of said offense, and the complaint failed to charge the plaintiff with any offense, and the criminal warrant issued thereon was void on its face, and both the complaint and the warrant were colorable only.

A demurrer to the complaint was sustained, and on this appeal the learned counsel of the respondent rests the demurrer on these three grounds only: *first*, that the transaction was entered into and the money paid to compound a felony; *second*, that the Mussers were *particeps criminis*, and cannot, therefore, enforce the collection of the plaintiff's notes; and *third*, that the Mussers paid their notes to the respondent after the duress had ceased. It is sufficient to say, as to the first

ground, that no felony was charged or committed; and as to the second, that the Mussers were in no sense *particeps criminis* in their relations to the transaction, and could not have defended against their notes to the respondent. *Kiewert v. Rindskopf*, 46 Wis., 481. The case, in principle, is the same as if the plaintiff had borrowed of the Mussers the money and paid it to the defendant. But if the original transaction was illegal as to all of the parties, it having been fully executed and carried out, the defendant, having received the avails of it, cannot now refuse to account upon the ground of its illegal character. *Armstrong v. Toler*, 11 Wheat., 258; *McBlair v. Gibbes*, 17 How., U. S., 236; *Brooks v. Martin*, 2 Wall., 70; *Planters' Bank v. Union Bank*, 16 Wall., 483–500; *Baehr v. Wolf*, 59 Ill., 470; *Douville v. Merrick*, 25 Wis., 688.

As to the third ground, it is immaterial that the Mussers paid the money they had assumed to pay, after the duress had ceased. The transaction was finished and complete, so far as the plaintiff was concerned, when the defendant took the Musser notes in full payment of the sum so demanded, while the plaintiff was under duress, and in consideration of his discharge from such arrest and imprisonment. The plaintiff did no act, and by the arrangement was required to do none, afterwards, in respect to such payment, by which he can properly be said to have paid or caused the payment of the money at any other time. The plaintiff may have been negligent to his own cost and expense in not enjoining the payment of the money by the Mussers to the defendant, and in not seeking to rescind the whole contract; but the defendant cannot take advantage of such laches. If the plaintiff had taken that course, and had been successful, it would have been no protection to the defendant; for he would have then lost the money that he is now called upon in this suit to restore, so that he has no real interest in the question. We think the complaint makes a clear and very strong case of extortion from an in-

nocent person, under duress of imprisonment, and by threats of a criminal prosecution, and, if sustained upon the trial, entitles the plaintiff to recover.

*By the Court.*—The order sustaining the demurrer is reversed, with costs, and the cause remanded for further proceedings according to law.

