Williams, J.
The recora discloses that on the trial the plaintiff gave evidence sustaining the *277 allegations of her petition, and the only defense attempted to be maintained was that which plead the compromise, in support of which, and of the averments of the reply thereto, the parties respectively offered their proof. The court instructed the jury, in substance, that if the parties made a compromise and settlement of the plaintiff’s loss, by which she accepted five hundred and seventy-five dollars in satisfaction of her claim, and a promise that she should not be prosecuted on the charge of burning the property formed no part of the consideration, she could not recover; but if such promise was a part of the consideration, the contract was void, and constituted no defense to the action. To the last proposition, the defendant excepted; and, whether that part of the charge was erroneous, or not, is one of the questions in the case.
It is not disputed that a contract founded upon a consideration which, in whole, or in part is illegal, immoral, or against public policy is void, and will not be enforced at the instance of any party to it; but, it is contended that rule cannot avail the plaintiff, because the contract of compromise was executed by the payment of the sum agreed upon, and the surrender of the policy, and was, therefore, notwithstanding- its infirmity, a bar to the action. We think not. The rule is, that the court will not assist either party to such a contract to enforce it against the other, or to recover what he has parted with under the contract; and the test in determining when it applies to a plaintiff, is whether his cause of action is founded on, or arises out of the illegal agreement. If the action is of that character, whether it appear from his own stating, or is shown by way of defense, he must *278 fail; otherwise, not. The plaintiff’s action was upon the policy of insurance, which, it was admitted was issued by the defendant, and was without taint or blemish. The destruction of the property insured was total; so that, under our statute, the amount owing to the plaintiff was fixed and certain, being’ the amount for which the policy was in force when the fire occurred. Revised Statutes, section 3643. Insurance Company v. Leslie, 47 Ohio St., 409. The petition, to which a copy of the policy is attached, contains all the allegations necessary to entitle the plaintiff to recover upon it, and on proof of those that were denied, to the satisfaction of the jury, the plaintiff was entitled to a verdict, unless the alleged compromise ag’reement set up in the answer should be established and enforced against her. Her cause of action was not founded on, nor did it arise out of that agreement. She predicated no claim upon it, nor, in any way sought its enforcement, or the recovery of anything she had parted with under it. On the contrary, the defendant set it up by way of defense, and sought to make it effectual against the plaintiff, who controverted its validity on the ground that it was illegal, and had been obtained by duress. We see no reason why the plaintiff might not pursue that course. She was not obliged to first bring an action to set aside the agreement, and compel the return of the policy wrongfully obtained from her, or set out in her petition the facts contained in the answer and reply, they were not a part of her ease. The ag’reement was a matter of defense which might, or might not be pleaded; and the necessity of pleading it, as ’well as the burden of proving it, was on the defendant. Larimore v. *279 Wells, adm'r, 29 Ohio St., 13. The plaintiff was not required to anticipate the defense, and assail the agreement, in the petition; and when set up in the answer, it was none the less open to attack by her, than it would have been if made the foundation of an action against her; nor, when attacked, can it be more effective in the one case than in the other. The party asserting it in either way, as the ground of a right which he is seeking to enforce, must be defeated, because of its illegal character. “An instrument may be shown to be void and without legal existence or efficacy, as for want of consideration, or for fraud, or duress, or incapacity of the parties, or any illegality in the agreement.” 2 Parsons Contr. (Eighth Ed.), 670. And that is so, whether the instrument be pleaded as a cause of action, or as a defense to an action not arising out of the agreement. In the cases of Roll v. Raguet, 4 Ohio, 400, and 7 Ohio, 76, the actions were upon instruments given for an unlawful purpose; in the former case, on promissory notes, and in the latter, on a mortgage executed to secure the nptes, which were given for'the sole consideration that a criminal prosecution against one of the makers should be suppressed. In each of the cases the plaintiff failed because his cause of action was founded upon the illegal contract. The plaintiff in the case of Moore v. Adams, 8 Ohio, 372, sought to have a deed executed by ‘ him, set aside on the ground that it was made in consideration that he should not be prosecuted for an alleged crime, of which the grantee accused him. The illegal character of the agreement, and the plaintiff’s connection with it, were alleged in his bill, and constituted the only ground for the relief he prayed for; and it was held that no relief could be *280 granted him-on. such a cause of action. Upon the same principle, the plaintiff, in Thomas, v. Cronise, 16 Ohio, 54, and in Kahn v. Walton, 46 Ohio St., 195, were denied the remedy sought in those cases. And in Hooker v. DePalos, 28 Ohio St., 251, which was an action to recover back money paid in part performance of an illegal agreement, the plaintiff was defeated on the same ground. In all of these cases, and others of like character, where the plaintiff failed to obtain the relief he desired, his cause of action was founded upon, or arose out of, the illegal transaction;-and in that important and decisive feature, the case before us is distinguished from them.
It was held in James v. Roberts, 18 Ohio, 548, that -a court of chancery will restrain the collection of a note and mortgage procured by threats of a groundless prosecution. The court, in distinguishing that case from Roll v. Raguet, supra, say, that in the latter: “Raguet agreed that he would not only not prosecute, but would use his influence to prevent a prosecution, and that he would not appear as a witness against the accused. ” The doctrine of the Roll case is recognized, but in holding that it did not apply to the James case, the court say : “That James was entirely innocent of the crime charged against him, and that was known to all parties concerned; that the charge was got up merely for the purpose of extorting money from him by operating upon his fears, and that fearing the consequence of the prosecution, notwithstanding his innocence, he executed the note and mortgage.” And further, that “a true public policy requires that all groundless prosecutions should, if possible, be prevented, and that every facility shall be afforded to the innocent to escape from *281 such a calamity; and we think an innocent party may with great propriety, ask to be relieved from the consequences of a groundless charge. ” While this ease does not overrule that of Moore v. Adams, supra, or even refer to it, we regard it as containing important qualifications of the doctrine of that case, which are sustained by well considered adjudications elsewhére; among’ them, Heckman v. Swartz, 50 Wis., 267; Atkinson v. Denby, 6 H. & N., 778; 7 H. & N., 903; 30 L. J., 361; Hullhorst v. Scharner, 15 Neb., 57. A party, who in the free exercise of his faculties enters into an unlawful agreement, does not stand in precisely the same position as one who executes such a contract under duress. There is no contract without the consent of the parties to its terms, and there is no consent when the free agency of one party is overcome; and it can be of no practical consequence whether it be overcome through fear of loss of life, or of limb, or through fear of imprisonment. The latter may be as potent as either of the others, and with some individuals more so. Nor, can we think a sound rule requires that the threat of either, should, in all cases,' be such as would operate upon persons of ordinary firmness, and inspire in them a just fear. The question in each case must be whether the person threatened was deprived of his freedom of will; and that is a question of fact, in the determination of which regard should be had to the nature of the threats, the sex, age, and condition of life of the party, and the attending circumstances. In the proper application of the rule to the case made , by the record before us, we are not prepared to say the jury was not authorized to find that the agreement relied on as a defense, was procured from the plaintiff by duress, and therefore void. In that event, she was *282 not in pari delicto, and under the authority of James v. Roberts, supra, might, if necessary, have maintained an action to set it aside. But, as has already been shown, that was unnecessary; the plaintiff might, as she did, resist the agreement on the ground that it was illegal, when set up in defense to her action.
Another objection made to that part of the charge we have, been considering’ is, that it was misleading, in that it implied the plaintiff was guilty of arson, and in effect, required the jury to find in her favor notwithstanding she burned the property. The charge will not bear that construction. To render a contract void on the ground that its consideration was the suppression of a prosecution, the crime charged need not in fact have been committed. It was not pleaded as a defense, that the plaintiff burned the property, nor does that claim appear to have been made, in any way, on the trial. The fact that no such defense was made, may be reg’arded as an admission in the case that there was no foundation for it; and, though that may have inured to the plaintiff’s advantage, it is not probable the jury was misled, as counsel for plaintiff in error suppose. And again, it is said, there was no evidence in the case to which the charge was applicable. We have examined the evidence, and think it was sufficient to authorize the charg’e given.
The only other question deemed of sufficient importance to be noticed in the report, arises out of the refusal of the court to give to the jury an instruction requested by the defendant, the substance of which is, that the plaintiff could not recover because she had not paid or tendered back the money received under the alleged compromise agreement. It is contended that a party who *283 would rescind a contract must restore to the other what has been received from him; and such is undoubtedly the general rule. It is not, however, without exceptions, one of which is found in the case of Bebout v. Bodle, 38 Ohio St., 500, in which this court held that “where a principal debtor, by falsely and fraudulently representing to the creditor that his surety has consented to an extension of time for payment, procures from the creditor an agreement for such extension in consideration that interest be paid, such agreement is, as to the creditor, fraudulent, and he may, upon discovery .of such fraud, even after the period of extension has expired, repudiate such agreement and sue upon the original contract without refunding or tendering back the interest paid under such invalid agreement.” In the opinion of the court by Longwobth, J., it is said: ‘ ‘It is further urged that in order to enable plaintiff to repudiate the contract she-was bound to refund to William the money paid as its consideration, or at least to tender it back. This cannot be true. This sum, which was the interest covering the period of extension, during which the principal remained actually unpaid, was due to the plaintiff from William, irrespective of the question whether the agreement was valid or invalid. We can see no reason why plaintiff should be compelled to pay to this defendant money which was her own in either event, and to which he could not, in any aspect of the case, be entitled.”
The principle of that case, applied to this one, rendered it unnecessary for the plaintiff to return to the defendant the $575, she had received, before commencing her action. The property insured having been totally destroyed, the sum due *284 on the policy was, under the provisions of our statute heretofore referred to, as certainly fixed at the amount for which the policy was in force when the fire occurred, as if it had been evidenced by the company’s note; and she was, therefore, when she brought her action, entitled to receive from the defendant, in the absence of any valid defense, the sum of $1,185. No defense was made except that based on the alleged compromise, under which, it is conceded, she was entitled to the sum paid her; and with that defense determined in her favor, a much larger sum was justly due her, so that the sum paid was owing to her in any event, and no good reason appears why it should have been returned to the defendant. The plaintiff credited the amount on the policy and sued for the balance, thus giving the defendant the full benefit of it, which was equivalent to its restoration. Allerton v. Allerton, 50 N. Y., 670. Besides, the contract being void because resting upon an illegal consideration, its repudiation by one party does not give the other a right to have restored to him what he parted with under it; nor does the retaining by the party of what he has received, amount to a ratification of the contract by him. Such contracts, having no validity from the beginning’, are capable of receiving none by any ratification, however deliberately and formally made; for any attempted ratification must necessarily be as ineffectual as the original contract, because as illegal. The law does not recognize it to be the right of parties to contracts of that nature, to either have them enforced, or have a return of what has been parted with in their performance; it denies both; and hence, there can be no proper application in such cases, of the rules *285 which govern the rescission of contracts. There • is nothing to rescind. The cases from which counsel for plaintiff in error have extensively quoted, are those in which it appears the contract was rescinded, or a rescission sought, on the ground of fraud, and they have no bearing on this case. We ñnd no error in the record, and accordingly the

Judgment is affirmed.