## Langford Green v. Dawson Moss and Charles Moss.

1. DURESS—*Notes Given Under, Void.*—Where criminal process is resorted to for the purpose of enforcing the settlement of a claim, with no intention of enforcing the criminal law, a note given to avoid a threatened arrest and prosecution under it is voidable, and a court of equity will cancel it.

2. PROCESS—*Abuse of.*—Where a creditor resorts to the use of criminal process for the purpose of coercing the father of a debtor into securing the debt of his son and not for the purpose of bringing an offender against the criminal law to punishment, it is an abuse of process.

**Bill to Cancel a Promissory Note.**—Appeal from the Circuit Court of Marshall County; the Hon. THOMAS M. SHAW, Judge, presiding. Heard in this court at the December term, 1895. Affirmed. Opinion filed June 1, 1896.

E. D. RICHMOND and WINSLOW EVANS, attorneys for appellant.

A person prosecuting upon a charge of crime may receive private satisfaction for his private injury and 'the fact that he receives this while the prisoner is in confinement and forbears further prosecution, does not, of itself, render the transaction illegal. Taylor v. Cottrell, 16 Ill. 93; Schomer v. Farwell et al., 56 Ill. 544.

BARNES & BARNES, attorneys for appellees.

Where there is an arrest for an improper purpose without just cause, or an arrest for a just cause without lawful authority, or for a just cause for an unlawful purpose, in either of these events, the party arrested, if he is thereby induced to enter into a contract, may avoid it for duress. Baker v. Morton, 12 Wall. 150.

Notes or securities procured under duress of criminal proceeding commenced to obtain civil redress are voidable. Hickman v. Swarty, 50 Wis. 267; Watkins v. Paird, 6 Mass. 506.

A party threatened with arrest and giving a note to avoid

it, will be relieved; he is not bound to wait until the arrest is actually made. He may assume that the officer will execute process as threatened. 6 Am. & Eng. Ency. of Law, 76.

A note obtained by duress or abuse of criminal process is voidable although it may have been given for what was actually due. Taylor v. Jacques, 106 Mass. 291; Dunham v. Griswold, 100 N. Y. 224; Hacket v. King, 6 Allen 58.

Where criminal process is taken out for the purpose of enforcing a settlement of a claim and with no intention of enforcing the criminal law, and a note is given to avoid the threatened prosecution, it is invalid and the court will cancel it. Mayer v. Oldham, 32 Ill. App. 233.

Mr. Justce Harker delivered the opinion of the Court.

This is an appeal from a decree of the Circuit Court ordering the cancellation of a promissory note for $1,295, executed by appellees to appellant, upon the ground that its execution was procured by duress.

The evidence in the record shows that Dawson Moss, a young man who had been engaged in business at Edelstein, in Peoria county, but who had failed, was indebted to appellant in the sum of $1,295.

After repeated unavailing efforts to have the debt secured, appellant, on the 26th of March, 1895, made complaint before a justice of the peace charging Dawson with the crime of arson and procured the issuance of a warrant against him. Armed with that process and in company with a constable appellant, on the next day, went to the farm residence of Charles Moss, the father of Dawson, and with whom Dawson has resided since his failure, and procured the execution of the note in question with Charles Moss as security.

A review of the entire evidence has convinced us that appellees did not voluntarily execute the note, but did so under the fear of threatened arrest and prosecution of Dawson Moss for the crime of arson.

Charles Moss up to that time had refused to become security for his son for the debt. On that occasion another con-

stable armed with another criminal warrant, sworn out by another creditor of Dawson appeared with appellant and the constable he had procured, and was urging the execution of a note by appellee to secure the debt of the creditor he represented. It was represented to father and son that unless the claim was secured the son would be arrested and taken to Peoria county, but that if secured there would be no further trouble by reason of the original warrants. Under such a pressure the old man was induced to sign the note with his son. There can be no serious question that each signed the note under the belief that unless they did so Dawson would be arrested and imprisoned on the warrant.

Both of these creditors resorted to use of the State's criminal process, not for the purpose of bringing an offender against the criminal laws to punishment, but to coerce the father of a debtor into securing the debt of his son.

Where criminal process is resorted to for the purpose of enforcing the settlement of a claim, and with no intention of enforcing the criminal law, and a note is given to avoid a threatened arrest and prosecution, it is voidable and a court of equity will cancel it. Schommer v. Farwell et al., 56 Ill. 542; Bane et al. v. Detrick, 52 Ill. 19; Mayer v. Oldham, 32 Ill. App. 233; Bradley v. Irish, 42 Ill. App. 85; Fay v. Oakley, 6 Wis. 56; Michman v. Swartz, 50 Wis. 267; Taylor v. Jacques, 106 Mass. 291; Tiedeman on Commercial Paper, Sec. 387; 1 Daniel's Negotiable Instruments, Secs. 857, 858; 1 Story's Equity Jurisprudence, Sec. 239. Decree affirmed.