[L. A. No. 625.  Department Two.—October 3, 1900.]

EMMA H. WOODHAM, Appellant, v. W. S. ALLEN, Respondent.

ACTION FOR MONEY OBTAINED UNDER MENACE—THREATS OF CRIMINAL PROSECUTION—PLEADING—SUFFICIENCY OF COMPLAINT.—A complaint setting forth the extortion by defendant from plaintiff of merchandise and secured notes of the total value of four hundred dollars, through fear of threats of a criminal prosecution against the husband of the plaintiff for receiving stolen goods of that value, if not paid, and that the notes were paid by plaintiff under fear of the same threats, and that her said husband was not guilty of said offense, states a cause of action for the recovery of that amount so obtained by means of menace.

ID.—CAUSE OF ACTION IN TORT—AVERMENT OF NONPAYMENT NOT REQUIRED. Such complaint states a cause of action in tort, and not *ex contractu;* and no averment of nonpayment of the amount so unlawfully extorted by menace is required.

---

[2] 52 Am. St. Rep. 111.

Id.—Compounding of Felony—Stifling of Prosecution Against Innocent Person — Pari Delicto.—The complaint stating that the husband was innocent of the crime charged does not show that any felony was compounded, nor that plaintiff and defendant were parties *in pari delicto* to an illegal contract. The stifling of a criminal prosecution against an innocent man, by the payment of money, cannot be wrong in an equal degree to the threatened prosecution itself.

Id.—Executed Illegal Contract—Relief of Parties—Equal Fault—Fraud or Oppression.—The doctrine that neither of the parties of an executed illegal contract will be relieved in a court of justice applies only where the parties were equally in fault. and each had freely joined in the transaction, without being induced thereto by the fraud or oppression of the other. Where there is oppression on one side and submission on the other, there can be no equal fault.

Id.—Ratification of Notes by Payment not Shown—Recovery of Payments.—The complaint averring that the notes were paid under fear of the same threats which induced their execution does not show that the payment thereof amounted to a ratification of the notes; but the payments so made under fear of arrest of the plaintiff's husband can be recovered back.

Id.—Duress—Certainty—Time of Payment of Notes.—The complaint being sufficiently certain in showing both that the execution and the payment of the notes were secured by duress, it is not demurrable for uncertainty in not stating when the notes were made payable or when they were paid.

APPEAL from a judgment of the Superior Court of Los Angeles County.  M. T. Allen, Judge.

The facts are stated in the opinion of the court.

Horace Bell, for Appellant.

William J. Hunsaker, for Respondent.

GRAY, C.—This is an appeal by plaintiff from a judgment for defendant following an order sustaining a demurrer to the complaint.

The complaint sets forth that on the nineteenth day of August the defendant filed a complaint against and caused the arrest of one Newman on a charge of larceny of defendant's goods, and about the same time accused Woodham, the husband of plaintiff, with complicity in said crime and with knowingly and feloniously receiving said goods from Newman after

they had been stolen, and demanded that Woodham pay him
four hundred dollars, claimed by defendant to be the value of
said goods. Woodham refused to comply with this demand,
and thereafter, on August 23, 1895, defendant threatened plain-
tiff that if the four hundred dollars were not immediately paid
to him he would procure the arrest of her said husband on a
charge of felony in having knowingly received the stolen
goods. Plaintiff, under fear of said threat, believing that de-
fendant would carry the same into execution, agreed to comply
with the demand and pay defendant the four hundred dollars,
and thereupon, in the language of the complaint, "on said day,
the twenty-third day of August, 1895, under fear of said
threat, the plaintiff, instead of the payment of money to the
defendant, made, executed, and delivered to the defendant six
promissory notes aggregating the sum of two hundred and
eighty-six dollars, signed the same herself and procured each
of the said notes to be signed by A. R. Maines, a merchant and
manufacturer of Los Angeles, a man of property, a wealthy
man, and a man of good commercial and bankable credit, and
at the time the said notes were so as above made, signed, and
delivered, as aforesaid, by this plaintiff and the said A. R.
Maines, they were the property of this plaintiff, and were then
and there in the aggregate of the cash value of two hundred
and eighty-six dollars, and under the continuance of the fear
and duress, as aforesaid, and for fear that the defendant would,
unless she paid the said notes, carry into effect the threats he
had made in respect to her said husband, and with a continu-
ance of said threats, she paid to the defendant the money, to
wit, two hundred and eighty-six dollars, the amount as afore-
said expressed in said notes, with the interest accrued thereon.
Also, the plaintiff was constrained and obliged to pay said
notes, because, the said A. R. Maines having signed the said
notes, he maintained that they were his notes; that he had not
signed them under any manner of duress, and that he did not
know that they had been extorted from the plaintiff by the
defendant, and said to plaintiff, 'If you do not pay them I will,
as I don't propose to have my name dishonored in the non-
payment of notes.'

"That on the same day, and as a part of the same transaction, and in pursuance of the same threat to accuse plaintiff's said husband of a felony as aforesaid, and as a part of and to make up the said sum of four hundred dollars, in which the defendant demanded that the plaintiff pay him, and in that behalf, the plaintiff delivered to the defendant goods, wares, and merchandise of the value of one hundred and fourteen dollars, which when added to the value of the amount stated in the notes aforesaid aggregated the sum of four hundred dollars. That the plaintiff would not have procured the said notes to have been so as above executed and delivered to the defendant, and would not have delivered to him the goods and merchandise so as above stated, and would not have paid the said notes, except that she was in fear that the defendant would procure her said husband to be arrested on the charge of felony as aforesaid.

"That the plaintiff's said husband was not guilty of the charge threatened to be made against him by the said defendant, her said husband having in the due course of business purchased the said goods from the said Newman, who was then and there the confidential clerk and salesman of the defendant, and having paid therefor the full value of said goods, to wit, the sum of one hundred and thirty dollars cash; and now the plaintiff brings this action for the recovery of the said sum of four hundred dollars from the defendant, with interest thereon, claiming that the same was unlawfully extorted from her as aforesaid."

Judgment was demanded for four hundred dollars, with interest from the 23d of August, 1895, and costs. The demurrer to the complaint was based on the grounds of insufficiency of facts; that it affirmatively appeared from the complaint that the transaction out of which the pretended cause of action arose was unlawful and void, and that the complaint was uncertain in several specified particulars. Respondent in his very able brief sets out in logical and concise form six reasons why the demurrer was properly sustained, together with six particulars wherein the complaint is claimed to be deficient. We will notice these reasons and particulars in the order in which they appear in said brief.

1. It was not necessary to allege in the complaint that the sum sought to be recovered had not been paid, because the complaint was not based on any contract, either express or implied, but on the contrary every sentence of it sounded in tort. Plaintiff might have declared on an implied contract, but she did not; but chose rather to set forth the tortious acts of defendant showing that he had obtained money and goods from her by threats and menace, and then, after reciting the facts, the pleader, apparently to place the action where she wanted it and where there could be no question that it was brought for a tort, concludes as follows: "And now the plaintiff brings this action for the recovery of the said sum of four hundred dollars from the defendant, with interest thereon, claiming that the same was unlawfully extorted from her as aforesaid."

The allegation of nonpayment is required in a complaint on the theory that a failure to pay constitutes the breach of the contract sued on. (*London etc. Fire Ins. Co. v. Liebes*, 105 Cal. 203.) Where there is no contract there can be no breach; and where the complaint, as here, is distinctly based on the tort of the defendant, and nothing is said as to any agreement implied or express, the allegation of a breach would be inappropriate as well as unnecessary.

2. It does appear from the complaint that defendant obtained the money and property from plaintiff by means of a menace (Civ. Code, secs. 1569, 1570), for the complaint alleges that the plaintiff would not have delivered the goods nor paid the notes except that she was in fear that the defendant would procure her said husband to be arrested on the charge of felony as he had threatened to do. (Civ. Code, sec. 1568.)

3. Taking the allegations of the complaint as true, no felony had been committed by plaintiff's husband, and there could be no compounding of a felony where none existed. (*Heckman v. Swartz*, 50 Wis. 267.) Nor could the plaintiff be said to be *in pari delicto* with defendant in her efforts to stifle a prosecution against her innocent husband. The stifling of a prosecution threatened against an innocent man, by the payment of money, cannot be wrong in an equal degree to the threatened prosecution itself. Especially must this be so where menaces and coercion are used to compel the payment of the money.

In a case involving the same principle Lord Ellenborrough said: "This is not a case of *par delictum;* it is oppression on one side and submission on the other; it never can be predicated as *par delictum,* when one holds the rod and the other bows to it." (*Smith v. Cuff,* 6 Maule & S. 160. See, also, Pomeroy's Equity Jurisprudence, sec. 942, and cases there cited.)

4. It is true, as a general rule, that "where an illegal contract has been fully executed on both sides the law will aid neither party to recover anything parted with thereunder," but this rule is subject to the qualification, among others, that the parties to the illegal contract are *in pari delicto;* and it will be seen, upon examination of the cases cited to support this rule, that they all proceed upon the theory that the parties to the contracts were equally in fault and each had freely joined in the transaction without being induced thereto by the oppression or fraud of the other. We think, therefore, that neither the general rule referred to nor the authorities cited in support thereof govern the case made by the complaint herein.

5. The allegations of the complaint do not show that the payment of the notes amounted to a ratification of the contract under which they were originally given, for it is alleged that the payment was made under the same influence and fear which induced the making of the notes.

In *Bentley v. Robson,* 117 Mich. 691, a wife gave a mortgage on her property to save her husband from threatened imprisonment, and in a suit by her to set aside the mortgage it was held that the taint of duress attaching to the execution of a mortgage is not removed by payments on the mortgage, or other recognitions of it, made under the same influence which controlled its original execution. If the payment was made under fear of the arrest of her husband, caused by the threats of defendant, the money can be recovered back. (*Schultz v. Culbertson,* 46 Wis. 313.)

6. It appears from the complaint that plaintiff relies upon duress both at the time of giving the notes and at the time of making the payments, and the facts showing such duress are stated with reasonable certainty. It was not necessary to state

when the notes were made payable or when they were paid; for while those dates, as probative facts, might have thrown some light on the question of duress, the ultimate fact to be established was the duress itself, and that being properly set out the complaint was not uncertain nor ambiguous as claimed by respondent.

As was said in *Heckman v. Swartz, supra:* "We think the complaint makes a clear and very strong case of extortion from an innocent person . . . . by threats of a criminal prosecution, and if sustained upon the trial entitles the plaintiff to recover." The demurrer should have been overruled.

We advise that the judgment be reversed and the cause remanded, with directions to the court below to overrule the demurrer.

Haynes, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded, with directions to the court below to overrule the demurrer.

Henshaw, J., McFarland, J.

Temple, J., concurred in the judgment.