FORSTER et al. v. HILL.

(Circuit Court of Appeals, Sixth Circuit. July 7, 1914.)

No. 2464.

GAMING (§ 30*)—STOCK GAMBLING—ILLEGALITY OF EMPLOYMENT OF BROKER —ACCOUNTING.

While a contract for gambling dealings upon a stock exchange cannot be directly or indirectly enforced by action, where plaintiff employed brokers as his agents in gambling stock market transactions, but such business was finished, a specific and agreed sum remained in the agents' hands, and no accounting was necessary, it was their duty, independently of their implied agreement to do so, to pay such sum to plaintiff, whether it was a part of the original investment or a part of the profits, and he could recover such sum by action.

[Ed. Note.—For other cases, see Gaming, Cent. Dig. § 69; Dec. Dig. § 30.*]

In Error to the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Action by Robert J. Hill against Walter Forster and another, doing business as Forster, Hauser & Co. Judgment for plaintiff, and defendant brings error. Affirmed.

Otto Wolff, of Newport, Ky., for plaintiff in error.

S. O. Bayless and John Galvin, both of Cincinnati, Ohio, for defendant in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

DENISON, Circuit Judge. Forster & Hauser were brokers in Cincinnati. Being without much capital, they conducted all their "dealings" through the Cincinnati Consolidated Grain & Stock Company, a bucket shop. Hill paid money to Forster & Hauser with which they were to carry on for him a speculation in margins, and they did the business through the Consolidated Company. When this company failed, Hill had received back substantially all his investment, but the books of Forster & Hauser, properly written up from the daily records of the apparent transactions of the Consolidated Company, showed a considerable profit due Hill. For its recovery, he brought this suit. He claimed that the money for these profits had actually come into the possession of Forster & Hauser as his agents; that it was represented by the balance due under an account stated between them; and that this money should be paid over to him. They claimed that they were acting as agents for the Consolidated Company, and that they never re-

ceived these supposed profits. This issue was submitted to the jury, which found for Hill. All parties agreed that the business which Forster & Hauser did for Hill consisted of gambling transactions, and that this character of business, and this only, was in contemplation from the beginning. The record is so shaped that the only question presented for our decision is whether plaintiff's theory of fact, if established and applied to the profits from a gambling transaction, entitles him to recover.

The general rule is not to be doubted that no action can be maintained which involves a direct or indirect enforcement of a contract for gambling dealings upon a stock exchange; but this is not such a case. It is true that the original contract contemplating the illegal transactions carried an agreement that Forster & Hauser were to pay over to Hill any profits which they might receive; but plaintiff's right to recover does not depend upon that agreement. The law itself, quite distinct from the contract, raises the same implication. We think it is the fair result of the decided cases that where an agent is employed to conduct such stock market transactions, and where the business is finished and no accounting is necessary, but a specific and agreed sum remains in the agent's hands, whether that sum is a part of the original investment or is profits or is both, it is his duty to pay this fund over to his principal; and he cannot escape that duty by reliance upon the nature of the transaction out of which the fund arose. This rule is, of course, to be confined to the relationship of principal and agent, where the legal duty to pay over ipso facto results, and does not necessarily extend to relations between strangers, where that duty depends upon the invalid contract.

This was an Ohio contract, and, regardless of whether there is an obligation to follow the decision of the Ohio Supreme Court, we should be inclined to do so, unless there was a clearly established contrary general rule. The Ohio Supreme Court seems to have decided the point in Norton v. Blinn, 39 Ohio St. 145, in which the syllabus is:

"While courts will not enforce an illegal contract between the parties, yet, if an agent of one of the parties has, in the prosecution of the illegal enterprise for his principal, received money or other property * * * he is bound to turn it over to him and cannot shield himself from liability therefor upon the ground of the illegality of the original transaction."

This rule is supported by, or at least is consistent with, the decisions of the Supreme Court of the United States. Brooks v. Martin, 2 Wall. 70, 80, 17 L. Ed. 732[1]; McBlair v. Gibbs, 17 How. 235, 239, 15 L. Ed. 132; Planters' Bank v. Union Bank, 83 U. S. (16 Wall.) 483, 499, 21 L. Ed. 473; Armstrong v. American Bank, 133 U. S. 433, 469, 10 Sup. Ct. 450, 33 L. Ed. 747. And see the decision of this court in Buchanan v. Drovers' Bank, 55 Fed. 223, 227, 5 C. C. A. 83. The decisions of

---

[1] So far as concerns any rule of law beyond its precise facts, the authority of Brooks v. Martin is much limited by McMullen v. Hoffman, 174 U. S. 639, 666, 19 Sup. Ct. 839, 43 L. Ed. 1117. However, the latter case is not, either in the point it decides or in the principle it invokes, inconsistent with the duty of an agent to pay over the principal's funds in his hands in such a case as the present.

various state courts are to the same effect. Peters v. Grim, 149 Pa. 163, 166, 24 Atl. 192, 34 Am. St. Rep. 599; Gilliam v. Brown, 43 Miss. 641, 659; Heckman v. Swartz, 50 Wis. 267, 270, 6 N. W. 891; Pointer v. Smith, 54 Tenn. (7 Heisk.) 137, 144; Holleman v. Bradley Co., 106 Ga. 156, 163, 32 S. E. 83; O'Bryan v. Fitzpatrick, 48 Ark. 487, 490, 3 S. W. 527; Wilson v. Owen, 30 Mich. 474, 476.

A careful review of the cases presented by the plaintiff in error convinces us that they are all distinguishable upon some one or more of the grounds which we have included in our above formulation of the rule. The contention that Forster & Hauser were so far agents for the Consolidated Company, and so far stood for that company or acted on their own account in their relations with Hill as to neutralize their agency for him, and to give them the same right to defend that strangers would have had, cannot be presented on this record. The pleadings alone do not justify this inference, and, in so far as the pleadings permitted Forster & Hauser to make that contention, they had a trial on that issue, under rulings of which they do not complain.

The judgment is affirmed, with costs.