GREENFIELD, Appellant, v. EBERLE et al, Respondents.

(202 N. W. 291.)

(File No. 5539.   Opinion filed January 24, 1925.)

1. **Bills and Notes—Contracts—Duress—No Liability, Where Not Voluntarily Executed.**

    Where notes were not voluntarily executed and delivered, maker thereof is not liable.

2. **Bills and Notes—Duress—Evidence—Evidence Held to Show Execution of Notes Obtained by Threats and Coercion.**

    Evidence held to show that notes executed by plaintiff and delivered to defendants were obtained by duress and coercion, in that defendants threatened to sue plaintiff for alleged criminal assault on female defendant, and to inform plaintiff's wife.

Appeal from Circuit Court, Minnehaha County; HON. L. L. FLEEGER, Judge.

Action by J. C. Greenfield against Louise Eberle and another, in which defendant Eberle filed a counterclaim. From a judgment for defendant Eberle on her counterclaim, and from an order denying a new trial, plaintiff appeals. Reversed.

*George M. Caster*, of Lake Andes, and *Boyce, Warren & Fairbank*, of Sioux Falls, for Appellant.

*Kirby, Kirby & Kirby* and *Gamble & Luddy*, all of Sioux Falls, for Respondents.

POLLEY, P. J.  This action was brought to secure the return and cancellation of three promissory notes aggregating the sum of $10,000, executed by plaintiff on the 24th day of May, 1922, and payable to defendant Louise Eberle.  One of said notes was for $2,500, payable 30 days after date; one for $2,500, payable 90 days after date, and one for $5,000, payable one year after date. The ground on which plaintiff seeks to avoid the notes is that they were without consideration and that the execution thereof was procured by duress.

At, and for a long time prior to, the execution of the notes, plaintiff was president of the Avon State Bank, and for a period of almost three years prior thereto defendant Eberle had been employed in said bank as a clerk and bookkeeper.  The defendant J. L. Meighen resided at Scotland, where he was engaged in the practice of law.  At the time of the occurrences involved in this

action and for several years prior thereto he was county judge of Bon Homme county.

In his complaint plaintiff alleges that just prior to the said 24th day of May, 1922, defendant Eberle demanded that he pay her a large sum of money and threatened that, unless he (plaintiff) did pay her such sum of money, she would ruin his reputation and standing in the community and bring about trouble between plaintiff and his wife by reporting and stating publicly that, while said defendant had been in the employ of said bank, plaintiff had been guilty of illicit relations with her and that, he, fearing and believing that she would carry out her said threats, and in order to prevent her from carrying out said threats, agreed to pay her $10,000 and, pursuant to said agreement and upon the demand made by both of said defendants, plaintiff did execute and deliver to defendant J. L. Meighen the said three promissory notes.

In an amended and supplemental answer defendant Eberle denied all the material allegations contained in the complaint except the making and delivery of said notes and alleges that said notes were made and delivered to her for value, but without, in any manner, intimating what consideration had been given by her or her codefendant therefor. In a counterclaim she demanded judgment for the two notes that were due at the time of the service of the said supplemental answer. Upon the issue so tendered the case was tried to the court without a jury. The court made findings of fact, in which it found that said notes had been executed and delivered to defendant Eberle for a valuable consideration, without in any manner, intimating what the consideration was, and that the said notes had been executed and delivered freely and not by reason of any threat, duress, coercion or menace. The court also found that defendant Eberle was entitled to judgment on the two overdue notes and entered judgment accordingly. From this judgment and from an order denying a new trial plaintiff appeals.

Among other exceptions to the findings and judgment appellant challenges the two findings of fact above set out, on the ground that they are not supported by the evidence.

[1] It is claimed by defendant Eberle that, on various occasions prior to the 24th day of May, 1922, appellant assaulted her.

and attempted to rape her; that she demanded satisfaction from him for damages so suffered by her because of such assaults; and that, in settlement of the damages so suffered by her, appellant voluntarily gave her the said promissory notes. Appellant denied the making of any assault upon said respondent at any time. It is not claimed that there was any other consideration than said assaults for the said notes so that, if there was not assault, the notes are void for want of consideration. But whether or not there was an assault is not necessarily material to a determination of this case. If the notes were not voluntarily executed and delivered, then appellant is not liable. "Free consent is the essence of every contract, and, if there be compulsion, there is no consent." Bane v. Detrick, 52 Ill. 19.

In Cochrane v. Nelson, 45 S. D. 609, 189 N. W. 700, an action brought by Cochrane to cancel certain notes and a mortgage given to secure the same, given by him to Nelson for the alleged debauching of Nelson's wife, we said:

"The question involved in this case is not whether appellant was guilty or innocent, but whether such a degree of pressure was employed as to overcome his free will and coerce him into the making of a contract that he would not otherwise have made. Coercion may be accomplished by a set of circumstances brought about by designing persons as effectually and as wrongfully as it may be accomplished by direct threats and menace. The weight of authority is to the effect that threats, actual or implied, of prosecution of one in fact guilty of a crime, will constitute such coercion as will avoid a contract induced by such coercion," citing 9 R. C. L. 709; Richardson v. Duncan, 3 N. H. 508; Morrill v. Nightingale, 93 Cal. 452, 28 P. 1068, 27 Am. St. Rep. 207; Bane v. Detrick, supra; Underwood v. Robinson, 106 Mass. 296; Woodham v. Allen, 130 Cal. 194, 62 P. 398.

[2] The notes in question were executed in plaintiff's bank in the evening. The town of Avon is about 30 miles from Scotland, where defendant Meighen resided. Just when defendant Eberle had made the first demand on plaintiff for money is not clear from her testimony. She testified that she had called Meighen over the telephone in the morning of May 24th and that he arrived in Avon about noon. Referring to her talk with plaintiff, she testified that she saw him in the afternoon; that she told him

in the afternoon that her attorney was in town and that he (plaintiff) had to settle; and then, following that and in the evening, "My attorney came into the bank and he and I met with Dr. Greenfield in the back part of the bank."

Again she testified:

"I told him I was going to sue him, but did not tell him how much I was going to sue him for. I did not tell him I was going to have him prosecuted, and I had no thought of doing that. I mentioned to him at that time that I was going to report to his wife and break up his family there. I said I was going to sue him and I was going to tell his wife."

Now the question is: If plaintiff was acting voluntarily, why the necessity of threatening to tell his wife and to break up his home? This question is wholly unanswered by anything in the record, and the very fact that such threats were made is the strongest proof that plaintiff was not acting voluntarily. He was confronted by the defendants, one of whom was the county judge of the county. Defendant Meighan drew up the three promissory notes, and plaintiff was given the alternative of signing them or having Eberle report to his wife that he had made a criminal assault on her.

But there is another feature of this case that tends to show, not only that the notes were not voluntarily executed, but that there was no foundation whatever for defendant's claim against plaintiff. At the time the notes were signed defendant Meighen prepared, and Eberle signed and swore to, the following affidavit: "State of South Dakota, County of Bon Homme:

"Louise Eberle, being first duly sworn on oath, deposes and says that it has come to her knowledge that certain rumors involving gossip and perhaps scandal, tending to connect the name of Dr. J. G. Greenfield, of Avon, S. D., with hers in an unwholesome manner, have had circulation locally in said Avon. Affiant states that there have never been any relations between herself and Dr. Greenfield which were not entirely proper and at all times the conduct of each toward the other has been such as could not be criticised; that she has for some three years been employed by the bank of which the said Dr. Greenfield is president in said Avon, in the banking room of the said bank, and affiant believes that those responsible for said rumors are prompted with a desire to

make trouble and to hinder and annoy the parties above named and not by a desire for good.          [Signed] Louise Eberle.

"Subscribed and sworn to before me this 24th day of May, A. D. 1922.          [Signed] J. L. Meighen, County Judge."

At the trial defendant Eberle swore that this affidavit was false; that it was made and given to plaintiff in order that, if any question arose relative to his relations with her, he would have this affidavit to show that no improper relations existed. What it really does show is that she was willing to sign anything in order to get those notes. But it shows more than that. If it is false, as she now says it is, then to all intents and purposes she was guilty of perjury. On the other hand, if the affidavit is true, it shows that she was engaged in a blackmailing enterprise to extort those notes from plaintiff.

After a thorough consideration of the record in this case, we are of the opinion that the finding of the court, to the effect that the promissory notes involved in this case were executed by plaintiff freely and not by reason of any threat, duress, coercion, or menace, is not only unsupported by the evidence, but is contrary to the great weight of the evidence.

The judgment and order appealed from are reversed.

ANDERSON, J., not present.

Note.—Reported in 202 N. W. 291. See, Headnote (1), American Key-Numbered Digest, Bills and notes, Key-No. 104, 8 C. J. Sec. 1027; (2) Bills and notes, Key-No. 520, 8 C. J. Sec. 1361.

On validity of note procured by threats of prosecution of a relative, see notes in 20 L. R. A. (N. S.) 484; L. R. A. 1915D, 1118.

On effect of innocence of the person threatened as affecting note given to prevent or suppress a criminal prosecution, see note in 17 A. L. R. 325.