[No. 11659. In Bank. — May 8, 1890.]

## CATHRINA HIMMELMAN, Respondent, v. BRIDGET HENRY et al., Appellants.

EJECTMENT — SPECIAL DEFENSES — FINDINGS — APPEAL FROM JUDGMENT — PRESUMPTION. — When the findings in an action of ejectment sustain all the material allegations of the complaint as against the denials of the answer, but do not pass upon special defenses set up in the answer, and the appeal is upon the judgment roll alone, without any statement of the evidence or bill of exceptions, it will not be presumed, against the correctness of the judgment, that there was any evidence in support of the special defenses, and the judgment will not be reversed for failure to find thereupon.

APPEAL — FINDINGS — SUPPORT OF JUDGMENT — FAILURE TO FIND UPON ISSUE — WANT OF EVIDENCE. — The findings of the court must be sufficient to support the judgment, and must contain nothing inconsistent with it; but a failure to find upon an issue, a finding upon which would merely have the effect of invalidating a judgment fully supported by the findings made, will not be held ground for reversal, unless it is shown by statement or bill of exceptions that evidence was submitted in relation to such issue.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Langhorne & Miller*, and *J. H. Gove*, for Appellants.

*J. M. Seawell*, and *J. B. Reinstein*, for Respondent.

BEATTY, C. J. — The judgment appealed from in this case was affirmed by Department Two, upon the grounds stated in the following opinion: —

"This is an action of ejectment. The answers, in addition to general denials, set up certain alleged special defenses. The court, trying the case without a jury, found that the plaintiff was the owner, and seised in fee and entitled to the possession, of the premises in suit, and that defendants ousted plaintiff therefrom, and wrongfully and unlawfully withhold possession thereof, but there is no finding as to the alleged special defenses.

Judgment went for plaintiff, and defendants appeal from the judgment upon the judgment roll alone.

"Appellants' main contention is that the judgment should be reversed, because there is no finding on all the issues raised, or alleged to have been raised, by the pleadings. But a judgment will not be reversed for want of a finding on an issue with respect to which there is no evidence. In *Wise* v. *Burton*, 73 Cal. 175, this court say: 'This court will not reverse for want of a finding on an issue, where there is no evidence in relation to such issue.' In the case at bar,— which is brought here upon the judgment roll alone,— we will not presume, against the correctness of the judgment, that there was evidence upon a point in respect to which there is no finding. This view of the case makes it unnecessary to consider the question whether or not the alleged special issues were material. We think the findings support the judgment. Judgment affirmed." (21 Pac. Rep. 731.)

Afterward a rehearing in bank was ordered, because there appeared to be some conflict between the decision of *Wise* v. *Burton*, cited in the opinion of the Department, and the later case of *Leviston* v. *Ryan*, 75 Cal. 293, and some earlier cases cited in the petition for rehearing. A careful re-examination of all the decisions on this point has convinced us that there is no real conflict between the decision in *Wise* v. *Burton*, and any of the earlier or later decisions.

The proposition stated in *Wise* v. *Burton* is, that "this court will not reverse for want of a finding on an issue, where there is no evidence in relation to such issue." This was a sufficiently accurate statement of the rule for the purposes of that case, in which the facts found fully supported the judgment, and the only issue undetermined arose upon an affirmative allegation of the answer. In the case of *Leviston* v. *Ryan*, the plaintiff in ejectment relied upon a patent for the demanded prem-

ises, and the defense was that the patent was void. The facts found showed a valid patent, and there was no finding as to the fact alleged against its validity. But the court nevertheless held the patent invalid, and gave judgment for the defendant. The judgment, being inconsistent with and not supported by the findings, was clearly erroneous, and was necessarily reversed. The author of the opinion, in response to a suggestion that it was impossible to make a finding on the point referred to, went on to remark that there is no question of fact material to the decision of a cause which cannot be settled by proof or (in the absence of evidence) by presumption. This is perfectly true, but it is not in the slightest degree inconsistent with the point decided in *Wise* v. *Burton.* Undoubtedly, the finding omitted in that case could have been made upon proof or presumption, and the want of it was not excused upon the ground that there was no evidence upon which the court could base a finding. The judgment was affirmed because every fact necessary to uphold it was found; and the complaint of the defendant and appellant, that the court had failed to find upon the affirmative allegation in his answer, setting up a fact inconsistent with the judgment, was met by the proposition above stated,— that this court will not reverse for want of a finding upon an issue, when there is no evidence in relation to that issue,— meaning, of course, an issue upon a point not necessary to sustain the judgment, but only sufficient, if proved, to invalidate the judgment.

It will be found, we think, upon examination, that no decision of this court is inconsistent with this proposition:—

The findings must be sufficient to support the judgment, and must contain nothing inconsistent with it, but a failure to find upon some issue, a finding upon which would merely have the effect of invalidating a judgment fully supported by the findings made, will

not be held ground for reversal, unless it is shown by statement or bill of exceptions that evidence was submitted in relation to such issue.

Judgment affirmed.

Thornton, J., Fox, J., Paterson, J., and McFarland, J., concurred.