[No. 13114.    Department One. — March 26, 1891.]

## AMELIA A. WINSLOW, RESPONDENT, *v.* O. F. GOHRANSEN, APPELLANT.

FINDINGS — OMISSION — SUPPORT OF JUDGMENT — SUFFICIENCY OF EVIDENCE — APPEAL. — A failure to find upon an issue, the finding upon which might have the effect of invalidating a judgment fully supported by the findings made, is not ground for reversal, unless it be shown by a statement or a bill of exceptions that evidence was submitted in relation to the issue sufficient to authorize such a finding as would have the effect to invalidate the judgment.

ID. — OMITTED ADVERSE FINDING. — The failure to find upon an issue a finding upon which must have been adverse to the appellant is not ground for a reversal of the judgment.

ID. — PRESUMPTION UPON APPEAL — RECITAL IN FINDINGS. — It will not be presumed on appeal that evidence was offered upon an issue on which no finding was made; and a recital in the findings to the effect that the court proceeded to hear the cause upon the issues made by the complaint and answer, and heard the proofs of the parties in support of the issues, does not justify such presumption.

APPEAL from a judgment of the Superior Court of Santa Clara County.

The facts are stated in the opinion of the court.

*W. L. Gill,* and *A. S. Kittredge,* for Appellant.

The issues made by the complaint and answer **upon** the statute of limitations were undoubtedly material ones, and the court should have found on these issues. (*Spreckels* v. *Ord,* 72 Cal. 87.)

*S. O. Houghton,* for Respondent.

The failure of the court to find upon the issue of limitation would merely have the effect of invalidating the judgment, which is fully supported by the findings, and is not error, as it does not appear that any evidence was offered in support of the plea.   (*Himmelman* v. *Henry,* 84 Cal. 104; *Wise* v. *Burton,* 73 Cal. 175; *Hawes* v. *Clark,* 84 Cal. 272.)

HARRISON, J. — The appeal in this case is direct from the judgment upon the judgment roll alone.   The appellant seeks its reversal upon the ground that the court below did not make findings upon all the issues in the case.   The complaint is in the ordinary form of a complaint in ejectment.   The answer denies its several allegations, alleges title in the defendant, pleads the statute of limitations, and sets up an equitable defense. The court found only the facts which were alleged in the complaint, and rendered judgment in favor of the plaintiff.

In *Himmelman* v. *Henry,* 84 Cal. 104, it was held that "a failure to find upon some issue, a finding upon which would merely have the effect of invalidating a judgment fully supported by the findings made, will not be held ground for reversal, unless it is shown by statement or bill of exceptions that evidence was submitted in relation to such issue."   Appellant seeks to distinguish the present case from *Himmelman* v. *Henry,* 84 Cal. 104, by the fact that it is recited in the findings herein that "the court proceeded to hear said cause upon the issues made by the complaint, and the answer of the defendant

thereto; and the court, having heard the proofs of the parties in support of the issues last aforesaid, and the arguments of counsel, makes the findings of fact and conclusions of law"; and he contends that this recital is a sufficient compliance with the rule laid down in *Himmelman* v. *Henry*, 84 Cal. 104.

If we should concede that this statement in the findings is sufficient to authorize us to assume that evidence was received upon the issues presented by the answer, it would not follow that the failure to make a finding upon such issues was error available to the defendant upon this appeal. The opinion of the court in *Himmelman* v. *Henry*, 84 Cal. 104, that a judgment would not be reversed for failure to find upon an issue, " unless it was shown that evidence was submitted in relation to such issue," necessarily implied that the evidence so shown must be sufficient to authorize such a finding as would " have the effect of invalidating a judgment fully supported by the findings made." Such a finding would not be authorized if the evidence introduced was insufficient to sustain the allegations presenting the issues, any more than it would if there were no evidence introduced in reference thereto. In either case the finding of the court could only be against the allegation, and consequently would not " invalidate" the judgment rendered in accordance with the other findings; and inasmuch as the failure to make such finding would not affect the substantial rights of the appellant, the judgment ought not to be reversed. (Code Civ. Proc., sec. 475.)

The appellant is not prejudiced unless the court shall fail to make such findings in his behalf as will countervail its other findings; and as error in the court below is not to be presumed, but must be shown by him, it is incumbent on him to produce before this court the evidence that was presented to that court, in order that we may determine whether any error was committed in failing to make such findings. If the omitted findings must

have been adverse to the appellant, their omission is not error sufficient to authorize the reversal of the judgment. (*Hutchings* v. *Castle*, 48 Cal. 156.)

The issues upon which the court made no finding in the present case were issues tendered by the answer, and it was incumbent on the defendant to introduce evidence in their support. There is no presumption that such evidence was introduced, and unless the defendant did introduce evidence which, unless controverted, would sustain his allegations, the court was not required to make any findings thereon. It is not enough for him to show merely that evidence was introduced, but it must also be shown that the evidence which was introduced was sufficient to support his allegations.

The recital by the court that it "heard the proofs of the parties in support of the issues," does not imply that any particular proof was heard, nor does it have reference to proof upon any particular issue. It certainly does not imply that the proofs which it heard were sufficient to sustain the allegations of the answer. In *Himmelman* v. *Henry*, 84 Cal. 104, it was recited in the findings that "the court, having heard the allegations and proofs of the respective parties, finds as matters of fact as follows." This recital was not deemed sufficient in that case to justify the presumption that any evidence was offered upon the issues on which no finding was made, and we do not perceive any substantial distinction between the recital in that case and in the one before us.

The judgment appealed from is affirmed.

DE HAVEN, J., and GAROUTTE, J., concurred.