[No. 15950.   Department Two.—December 13, 1895.]

SECONDO GILETTI, RESPONDENT, *v.* CARLO SA-RACCO, APPELLANT.

ACTION UPON NOTES — DENIAL OF CONSIDERATION — PLEA OF SPECIAL AGREEMENTS—FINDINGS.—In an action upon several promissory notes, where the court finds that they were executed by the defendant in consideration of a loan by plaintiff to the defendant, and that no part of the principal or interest due on the notes has been paid, the findings sufficiently cover issues raised by the answer as to want of consideration of the notes, and by plea of special agreements to the effect that, as to one of them, he was not to be obliged to pay it until he should be able, and that, as to another, it was given with the understanding that a joint maker with him was the person that was to pay that note.

ID.—FAILURE TO FIND UPON ISSUES—WANT OF EVIDENCE.—A failure to find upon issues, a finding upon which would merely have the effect of invalidating a judgment fully supported by the findings made, will not be held ground for reversal, where it is not shown by statement or bill of exceptions that evidence was submitted in relation to such issues.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. JAMES M. TROUTT, Judge.

The facts are stated in the opinion of the court.

*Henry E. Highton*, for Appellant.

As between the parties to a promissory note or acknowledgment of indebtedness, the consideration of the note or acknowledgment, and any equities between the parties arising out of the execution of the note or acknowledgment, may be inquired into; and, if there is no consideration, the payee cannot recover against the maker. (*Fisher* v. *Salmon*, 1 Cal. 413; 54 Am. Dec. 297; *Cohen* v. *Goux*, 48 Cal. 97; *Braly* v. *Henry*, 71 Cal. 481; 60 Am. Rep. 543; *McCroskey* v. *Ladd*, 96 Cal. 455;

*Risley* v. *Gray,* 98 Cal. 40.) The failure of the court to find on the issues raised by the answer necessitates a reversal of the judgment. (*Billings* v. *Everett,* 52 Cal. 661, 663; *Swift* v. *Canavan,* 52 Cal. 417, 419; *Taylor* v. *Reynolds,* 53 Cal. 687, 689; *Ball* v. *Kehl,* 95 Cal. 606, 614.) The statements in the answer in reference to the obligations sued upon in the various counts of the complaint were not affirmative matter which was required to be affirmatively proved by the defendant, but were, in effect, merely denials of facts required to be proved by the plaintiff, in order to maintain his action. (*Bridges* v. *Paige,* 13 Cal. 640–42; *Goddard* v. *Fulton,* 21 Cal. 430, 435, 436; *Landis* v. *Morrissey,* 69 Cal. 83; *Kennedy* v. *Berry,* 52 Cal. 88; Angell on Limitations, 6th ed., secs. 235, 236; Wood on Limitations of Actions, 186, note 7; 2 Wharton on Evidence, 3d ed., sec. 1060.)

*Francis A. Rossi,* for Respondent.

An issue raised by a defense upon which no evidence is offered at the trial and no finding made is deemed immaterial, and the judgment will not be reversed for want of a finding. (*Senter* v. *Senter,* 70 Cal. 619; *Himmelman* v. *Henry,* 84 Cal. 104; *Rogers* v. *Duff,* 97 Cal. 66; *Gregory* v. *Gregory,* 102 Cal. 52; *Demartin* v. *Demartin,* 85 Cal. 75; *Wise* v. *Burton,* 73 Cal. 174; *Commissioners* v. *Barnard,* 98 Cal. 201.) As the facts found support the judgment, the failure of the court to find on any issue not necessary to support the judgment cannot be considered on the appeal from the judgment. (*Southern Pac. R. R. Co.* v. *Dufour,* 95 Cal. 621; *Roberts* v. *Bell,* Cal., Dec. 31, 1895.)

McFARLAND, J.—This is an appeal by defendant upon the judgment-roll alone from a judgment in favor of plaintiff.

The action was upon three certain written obligations in the nature of promissory notes, for the payment of money, made by appellant to respondent, payable to the latter on demand, and delivered to him by appellant.

In the answer the execution by appellant of the said obligations is not denied; but it is averred that as to one of the obligations appellant was, by agreement, not to be obliged to pay the same until he "should be able to pay the same," and that it is not due—although he does not deny that he is not able to pay it. As to another of the obligations it is averred that respondent could have recovered the amount of it from one Vandagna, who signed it jointly with appellant, but that respondent never demanded payment of said Vandagna; that appellant has no knowledge of said obligation; "and that if defendant's name is signed to said note he never received any consideration therefor, and denies the same or any part thereof." As to the third obligation it is averred that it "was given with the understanding that Giovanne Vandagna was the person who had to pay said note," that he was able to pay it, and that respondent had not demanded payment of said Vandagna. There is also a general denial that the obligations were due or payable from appellant to respondent. And the only point made for a reversal is that the court did not find upon these averments in the answer.

The court found that each of these obligations—called by court and counsel promissory notes—was executed by appellant to respondent and delivered to him on the respective days alleged in the complaint; that they were executed in consideration of a certain named sum of money, United States gold coin, "loaned by plaintiff to defendant at the respective dates thereof," and "that no part of the principal or interest due on said promissory notes has ever been paid, but that the whole thereof remains now due, owing, and unpaid."

Assuming that these matters set up in the answer constitute a defense at all, then if they were not affirmative matter, but merely denials, as counsel for appellant seems to regard them in his final brief, they are fully covered by the findings. But under any view of their character, as appellant introduced no evidence to support them, and as the findings are sufficient to sup-

port the judgment, no finding in relation to them was necessary; for "a failure to find upon some issue, a finding upon which would merely have the effect of invalidating a judgment fully supported by the findings made, will not be held ground for reversal, unless it is shown by statement or bill of exceptions that evidence was submitted in relation to such issue." (*Himmelman* v. *Henry*, 84 Cal. 104.)

The judgment is affirmed.

HENSHAW, J., and TEMPLE, J., concurred.