## HOLZHEIER v. HAYES et al.

### L. A. No. 260; April 1, 1898.

#### 52 Pac. 838.

**Covenants.—In an Action for Breach of Covenant in a Deed,** the complaint alleged a certain money consideration, upon which issue was joined, the answer alleging the consideration to consist of certain contracts between the parties, which contracts plaintiff had violated. The findings of fact showed a contract resembling the one set up in the answer, and that plaintiff had violated it; but there was no finding whether the deed rested for its consideration on the payment of money as alleged by plaintiff, or on the contract set up in the answer, though there was evidence touching this issue. Held, that a judgment for defendant was not supported by the findings.

APPEAL from Superior Court, San Diego County; W. H. Clark, Judge.

Action by F. A. Holzheier against J. C. Hayes and another. From a judgment for defendants, plaintiff appeals. Reversed.

D. L. Withington and J. P. Pearson for appellant; Daney & Wright, for respondents.

BRITT, C.—Action to recover damages for alleged breach of covenant in a deed of lands. It was alleged in the complaint that the conveyance was made in consideration of the sum of $700 paid by plaintiff. In their answer, defendants did not deny the execution of the deed, or that it contained the covenant alleged, or that the covenant was broken; but they denied that the conveyance was made in consideration of the sum of $700, and averred that the only consideration therefor was a certain contract described in the answer, made between plaintiff and defendant Hayes, which contract provided, among sundry other things, for the conveyance of said lands by said Hayes to plaintiff; and it was further averred that plaintiff had violated such contract in certain particulars specified. The findings contained a detail of facts showing a contract or contracts—partly in writing, partly oral—between plaintiff and defendant Hayes resembling the contract alleged in the answer. It was found that plaintiff had committed a

breach thereof, and judgment was rendered for defendants. There was no finding on the ultimate issue made by the pleadings, whether the deed on which plaintiff sues rested for its consideration on the payment of money alleged by plaintiff, or on the contract with one of the defendants, as they averred; nor were probative facts found, on which an answer to such ultimate issue can be said to follow as a necessary conclusion. The findings themselves show that evidence touching this issue was before the court, within the rule of Himmelman v. Henry, 84 Cal. 104, 23 Pac. 1098. The judgment should therefore be reversed and the cause remanded for a new trial: Kennedy v. Berry, 52 Cal. 87; Bull v. Bray, 89 Cal. 286, 13 L. R. A. 576, 26 Pac. 873. The record is not in condition to permit an expression of opinion on what we may surmise to be the merits of the controversy. This much is virtually allowed by counsel on both sides, but, it is scarcely necessary to add, they differ as to what are the merits.

We concur: Searls, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded for a new trial.