[Sac. No. 705. Department Two.—February 16, 1900.]

In the Matter of the Estate of CHARLES W. CARPENTER, Deceased. ABEL F. CARPENTER et al., Appellants, v. C. K. BAILEY et al., Respondents.

BILL OF EXCEPTIONS—SETTLEMENT—FILING.—A bill of exceptions to the ruling of a judge, if not presented at the time of the ruling, must be presented and settled upon notice pursuant to the statute, and must then be filed.

ID.—SETTLEMENT BY EX-JUDGE—DELAY IN FILING.—A bill of exceptions settled by an ex-judge, not dated, and not filed until nine years after the ruling excepted to, is not in time, and cannot be considered.

ID.—SETTLEMENT BY SUCCEEDING JUDGE.—A bill of exceptions relating to matters transacted before a former superior judge, and not to be used on motion for a new trial, must be settled by him if living, and willing to settle it, and a succeeding judge has no authority to settle the bill, if it does not appear that the former judge was dead, or had refused to settle it.

ID.—INSUFFICIENT BILL—ABSENCE OF EXCEPTION—STATEMENT OF FACTS— IMPROPER SETTLEMENT.—A so-called bill of exceptions, stating no exception, and reciting facts and many things not transpiring in court, and not properly settled, cannot be noticed. A bill stating no exception shows no reason for any statement of facts, which should only be inserted to explain exceptions shown to have been taken.

ID.—INSUFFICIENT REFERENCE TO DOCUMENTS.—A bill of exceptions containing a reference to certain papers, "being the papers set forth and marked exhibits 'A' and 'B' in the foregoing bill of exceptions hereto attached and herewith filed," does not sufficiently refer to exhibits so marked in a separate bill of exceptions not attached and separately filed.

CONTEST OF WILL — ARBITRATION — ESTOPPEL OF PROPONENTS.— The matter of the contest of a will cannot be submitted to arbitration, and the proponents of the will cannot be estopped by an award thereunder to insist upon the probate of the will, especially where the principal beneficiary under the will is a minor, and the arbitrator is to make his award without evidence, and to determine from his own judgment what is a reasonable, just, and equitable amount to be set over to the contestants by the beneficiaries under the will.

ID.—PROBATE OF WILL—PROCEEDING IN REM—STIPULATION OF HEIRS.— The matter of the probate of a will is a proceeding in rem, binding on the whole world; and a few persons claiming to be heirs cannot by stipulation determine a controversy in reference to that matter.

ID.—EVIDENCE—ISSUE OF INSANITY—DISCRETION.—The admission of evidence upon the issue of insanity is largely in the discretion of the court, and is not ground of reversal if no abuse of discretion appears.

ID.—REJECTION OF EVIDENCE—RELEVANCE AND MATERIALITY NOT SHOWN. The rejection of evidence offered by the contestants, which might have been material, if taken in connection with other evidence, does not appear to be ground for reversal, where the evidence is not brought up, and where the offer was not accompanied by any statement showing its relevancy, or the purpose for which it was offered.

ID.—REFUSAL TO SUBMIT ISSUE OF MENACE—EVIDENCE NOT SHOWN— ERROR PRESUMED HARMLESS.—It is error to refuse to submit to the jury an issue as to whether the will was procured by menace, even if there was no evidence on that issue for the contestants; but, in the absence of such evidence, it would be the duty of the jury to find thereupon for the proponents of the will. and the error must be presumed harmless, upon the appeal of the contestants, where the record does not show that sufficient evidence was introduced to sustain a finding in their favor if made upon that issue.

ID.—STIPULATION THAT CONTESTANTS INTRODUCED EVIDENCE—INSUFFICIENT SHOWING.— A stipulation, in lieu of the evidence that the "contestants introduced evidence on the issue of menace," is insufficient to show that the evidence adduced would be sufficient to sustain a finding in favor of the contestants. Parties relying upon a stipulation which takes from the appellate court the power to determine an appeal upon the real facts should see that they are sufficient.

APPEAL from a judgment of the Superior Court of San Joaquin County. Edward I. Jones, Judge.

The facts are stated in the opinion of the court.

L. W. Elliott, and A. H. Carpenter, for Appellants.

James A. Louttit, F. H. Smith, and W. W. Middlecoff, for Respondents.

TEMPLE, J.—This is a contest in regard to the will of C. W. Carpenter, deceased, and is the third appeal taken to this court in the proceeding. (*In re Carpenter*, 79 Cal. 382; 94 Cal. 406.) The former appeals were each taken from judgments in favor of the contestants, and upon one trial the jury failed to agree. The judgment from which this appeal was taken was for the proponents.

It will not be necessary to consider appellants' points *seriatim*, or in fact to notice some of them in any way. A few suggestions will dispose of many of them without special discussion.

The transcript contains three bills of exceptions, or documents so entitled. The first is certified to and settled by Hon. J. G. Swinnerton, judge of the superior court, and was filed May 17, 1899. It certifies to an exception as having been taken to a ruling made on the twenty-fifth day of April, 1890, more than nine years prior to the filing of the bill of exceptions. Judge Swinnerton had ceased to be the judge of the court many years before the filing. There is no date to the judge's certificate or to the bill, unless the filing be taken as its date.

Respondents assert that they had no knowledge of the existence of this bill of exceptions until it was filed, but this cannot be so. No judge is authorized to settle or certify to a bill of exceptions without the presence of, or notice to, the opposite party. It is not permissible to think, therefore, that it was a secret or *ex parte* proceeding. It is evidently a bill containing an exception such as is provided for in section 649 of the Code of Civil Procedure. A bill of exceptions under that section must be presented to the judge and settled at the time the ruling is made, and in the presence of the adverse party, and cannot properly be presented to the judge or settled at any other time. This is rendered plain by the provisions of section 651, which provides for bills of exceptions to rulings made after judgment. Exceptions to such rulings may be presented to the judge and settled at the time the ruling is made, or, as provided in section 649, within a short period afterward, upon notice. No notice is required if the bill is presented at the time the ruling was made, because it is presumed that the adverse party is then present; but if not so presented, then and there, the judge is not authorized to settle it save on notice. But whether settled under section 649, or section 650, it was not in time. If settled when the ruling was made, it should then have been filed as the statute directs. The filing would then show that the bill was properly settled so far as time is concerned.

The second so-called bill of exceptions was settled and certified by Judge Jones. So far as it refers to proceedings in court, it relates to matters transacted before and by Judge Smith, the

predecessor of Judge Jones. The so-called bill recites many things which did not transpire in court, concerning which, so far as appears, no showing was made in court. Further, the bill states no exception whatever, and therefore there was no reason for the statement of any facts. Statements of facts in a bill of exceptions are made only to explain the exceptions which it shows were taken. If it were in other respects a proper bill of exceptions, the authority of Judge Jones to settle and certify it is not apparent. It is not a bill of exceptions or statement to be used on a motion for a new trial, and it does not appear that Judge Smith is dead or has refused to settle it. It cannot be noticed.

The third bill of exceptions relates to the trial before Judge Jones, which resulted in the judgment from which this appeal is taken. Among other matters it recites that on the trial the contestants offered in evidence two papers, "being the papers set forth and marked exhibits 'A' and 'B' in the foregoing bill of exceptions hereto attached and herewith filled," etc. It is contended that this reference is to two exhibits contained in the so-called second bill of exceptions, which purport to be an agreement to arbitrate certain matters in controversy and an award made by the arbitrator named in the agreement. The transcript does not show that the second bill of exceptions was attached to the third, but the contrary, as they have separate filings. Contestants proposed to show that the award has never been performed by the proponents, and that they were estopped thereby to insist upon the probate of the will.

The reference to the documents is not sufficient to warrant our considering them, but, if it were, it is quite plain that the matter of the contest cannot be submitted to arbitration. The matter of the probate of a will is a proceeding *in rem* binding on the whole world. A few individuals claiming to be the heirs cannot, by stipulation, determine such controversy. There are many other reasons why this submission cannot be sustained. The principal beneficiary under the will, being a minor, was not bound by it. The terms of the agreement itself are contradictory and absurd. Frank T. Baldwin is to arbitrate the matter, and to get his information as he pleases, neither party having a right to submit any evidence to him. He is to determine "what, under all the circumstances of the case, is a reasonable,

just, and equitable amount or portion of said estate to be set over to said contestants in full for all claims of each and every of them." He must fix the amount in money they are to receive, and ascertain the value of the land so the proponents can pay in money or land, and the proponents have five days after the award to determine whether they will pay in money or land.

To determine what would be just, reasonable, and equitable the referee must pass upon the validity of the will. If valid, it would be unjust and grossly inequitable to give the contestants anything. If the will was found to be invalid, the contestants— if they were the heirs and the only heirs of Carpenter—should have had all of it, and in such case it was absurd to provide that the proponents should pay them for their claim out of their own property. The agreement seems to have been made upon the basis that the will was valid, but the beneficiaries under it should pay the claimants something to induce them to abandon the contest.

Many exceptions were taken at the trial to the rulings of the court as to the admission of testimony offered by proponents upon the issue of insanity. To discuss these exceptions separately would serve no useful purpose. Much is left to the discretion of the trial court upon such matters, and we cannot say that this discretion was abused. One of these rulings—and the most questionable one—had reference to a promissory note which C. K. Bailey, testifying for contestants, stated Carpenter executed and delivered to him just twenty-five days before he died. After such statement contestants asked: "Was there any consideration whatever for that note?" This was objected to as immaterial and irrelevant, and the objection was sustained. It is quite easy to see how the answer to this question may have had, in connection with other testimony, a material bearing upon the power or influence which Bailey had over Carpenter. But the evidence is not brought up, and counsel did not, in connection with the offered testimony, make any statement showing its relevancy or the purpose for which it was offered. I do not think the case should be reversed upon such a showing.

The contestants asked the court to submit to the jury an issue as to whether the will was procured to be executed through menace on the part of C. K. Bailey to the testator, and the

court denied the request.  I think this was erroneous, even if there was no evidence upon the subject.  In such case the jury would, of course, find against the party which had the laboring oar, which in this case was with the contestants.  But whether such refusal is ground for reversal is another question.  The earlier cases seem to require a finding upon all issues made by the pleadings, but later it has been held, as in *Himmelman v. Henry*, 84 Cal. 104, "a failure to find upon some issue, a finding upon which would merely have the effect of invalidating a judgment fully supported by the findings made, will not be held ground for reversal unless it is shown by statement or bill of exceptions that evidence was submitted in relation to such issue."

In *Winslow v. Gohransen*, 88 Cal. 450, the last-named case was approved, and it was further held that a case would not be reversed unless there was sufficient evidence to sustain a finding in favor of appellant, had one been made.  In *Bliss v. Sneath*, 119 Cal. 526, it was held that "this rule applies not only to the issues that are made to the allegations of the complaint by the answer, but also to the issues made by the averment of new matter in the answer."

The rule, then, is that an appellant from a judgment against him in the court below will not be heard to complain that the court failed to find upon some issue tendered by him, unless he brings up the evidence and thereby shows that he litigated that issue in the trial court and introduced evidence upon the issue which would have justified a finding in his favor.  One reason for this rule is that, since he had the affirmative upon that issue, if he introduced no evidence, the finding would necessarily have been against him, and, therefore, he is not injured by the failure of the court to make a finding.

In this case the evidence is not brought up, but in lieu of such evidence the parties stipulate that "contestants introduced evidence on the issue of menace."

This is clearly insufficient.  It would be true if a witness for contestants, in reply to a question upon the subject, had replied that no menace was made, or if the menace was trifling, or under circumstances which clearly showed that it could have no effect.

Such stipulations, or a certificate of the judge of like purport, to a certain extent take from this court the power to determine the appeal upon the real facts of the case. Parties relying upon them should see that they are sufficient.

The judgment is affirmed.

McFarland, J., and Garoutte, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank.