## FRANTZ et al. v. HARPER.

### S. F. No. 2103; October 30, 1900.

#### 62 Pac. 603.

Judgment—Pleadings.—Where Action is Brought Under Contract to pay certain tolls, and the answer does not deny the contract, but alleges that such tolls are illegal, and the plaintiff offers evidence in support of the complaint, and no evidence is introduced by the defendant, the plaintiff is entitled to judgment on the admissions in the answer.[1]

Trial—Burden of Proof.—Where an Action is Brought on a contract to pay certain tolls, and the answer does not deny the contract, but alleges that such tolls are illegal, the burden of establishing the illegality thereof is on the defendant.

Trial—Finding.—Where an Affirmative Defense is Pleaded in an action, and the defendant fails to introduce any evidence, he cannot complain, on appeal, that the court did not make a finding on such defense.

APPEAL from Superior Court, Del Norte County; F. A. Cutler, Judge.

Action by F. Frantz and another, as executors of the estate of H. Gasquet, against J. C. Harper. From a judgment in favor of the plaintiffs the defendant appeals. Affirmed.

L. F. Cooper and Frank McGowan for appellant; S. M. Buck for respondents.

COOPER, C.—This action was originally brought in a justice court. The complaint alleged "that the said defendant is indebted to said estate in the sum of $568.75 for toll, rent of stable, and blacksmith-shop, and boarding men from July 1, 1898, to January 1, 1899, at the agreed price of $87.50 per month; that no part of said sum has been paid, except the sum of $368.25, leaving a balance due and owing from the said defendant to the said plaintiff of $200.50, no part of

---

1 Cited and followed in Woodham v. Cline, 130 Cal. 500, 62 Pac. 823, an action against a sheriff for an alleged illegal seizure. There the court said: "A party cannot be heard to complain of the absence of a finding upon a material issue, if the finding must have been against him upon the record as presented."

which sum has been paid." The answer and cross-complaint were intended by the pleader to raise the question of the legality of that part of the amount claimed in the complaint which is for tolls due plaintiffs. It will be presumed (although the record is silent as to the matter) that the justice certified the case to the superior court upon the ground that it involved the legality of a toll. The case was tried before the court, findings filed, and judgment entered for plaintiffs for the amount claimed in the complaint. Defendant appeals from the judgment and from an order denying his motion for a new trial.

It is said in appellant's brief: "The principal contention made for a reversal of the judgment is that the finding that the toll, mentioned in the contract as set forth in plaintiff's complaint, was and is a legal toll, is not supported by the evidence." We do not see, from the evidence, how the court could have made any different finding. Conceding that the facts set forth in defendant's answer were sufficient to show the portion of plaintiffs' demand for tolls to be illegal, the burden was upon defendant to prove the affirmative matter thus set up in his answer: Wilson v. Railroad Co., 94 Cal. 172, 17 L. R. A. 685, 29 Pac. 861. Plaintiffs were entitled to judgment on the admissions of the answer, unless the defendant introduced evidence in support of his affirmative defense. Plaintiffs alleged an express contract for toll, rent and board, and the defendant did not deny the contract.

The evidence supports the allegations of the complaint, and the court finds such allegations to be true. The finding as to the truth of the allegations of the complaint is not challenged. Defendant offered no evidence, and hence is not in a position to claim that the court did not find on the affirmative matters alleged in the answer. A party cannot claim error in the failure of the court to find upon an issue if the finding must have been against him: People v. Centre, 66 Cal. 564, 5 Pac. 263, 6 Pac. 481; Demartin v. Demartin, 85 Cal. 75, 24 Pac. 594. We advise that the judgment and order be affirmed.

We concur: Chipman, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.