[L. A. No. 622.   Department One.—November 19, 1900.]

EMMA H. WOODHAM, Respondent, v. J. C. CLINE and NILES PEASE, Appellants.

130 497
135 578

STATUTE OF LIMITATIONS—OMISSION TO FIND UPON PLEA—FACTS SHOWING ACTION NOT BARRED.—The failure of the court to find upon a plea of the statute of limitations set up in the answer of the defendants, is not ground for a reversal of the judgment upon appeal where the facts found or admitted show that the action was not barred.

ID.—RUNNING OF STATUTE—ACTION FOR CONVERSION—AMENDMENT OF COMPLAINT—ORIGINAL AVERMENTS OF TRESPASS—SURPLUSAGE.—The statute of limitations for the wrongful conversion of personal property will not run after the commencement of an action to the date of filing an amended complaint, where the original complaint stated the same cause of action, though it superadded thereto averments showing a trespass upon plaintiff's property. Such averments of trespass may be regarded as surplusage.

DEFENSE TO ACTION—ABSENCE OF FINDING—BURDEN OF PROOF—ABSENCE OF EVIDENCE—APPEAL.—Where the answer pleads an affirmative defense to the action, upon which the defendants have the burden of proof, if no evidence is produced in support of it, any finding made must have been against them; and the defendants cannot complain upon appeal from the judgment of the absence of a finding upon such defense, if there is no evidence in the record to sustain it.

APPEAL from a judgment of the Superior Court of Los Angeles County.   W. H. Clark, Judge.

CXXX. Cal.—32

The original complaint, in addition to the averments of conversion of personal property set forth in the opinion, alleged that defendants wrongfully, willfully, and maliciously entered her house, which she held under leasehold, by force, and tore up the carpets and draperies, and injured the plaintiff's property. Further facts are stated in the opinion.

Mulford & Pollard, for Appellants.

S. V. Landt, and McLachlan, Cohrs & Landt, for Respondent.

COOPER, C.—This action was brought to recover the value of personal property alleged to have been converted by defendants. The court filed findings upon which judgment was entered for plaintiff. This appeal is from the judgment upon the judgment-roll.

The only point urged on this appeal is that the court failed to find upon the pleas of the statute of limitations set up in defendants' answers. It is alleged in the answers that the defendant Pease brought suit against May and Alice Richards, and procured a writ of attachment against them, which writ was delivered to defendant Cline, as the sheriff of Los Angeles county, and that on the twenty-first day of April, 1894, the said property was taken by defendant Cline as such sheriff, in his official capacity, under and by virtue of the said writ of attachment, as the property of said May and Alice Richards. It is further alleged in the answers that the action is barred by the provisions of subdivision 2, section 339, and subdivision 1, section 341, of the Code of Civil Procedure.

It is provided in said subdivision 2, section 339, that an action must be commenced within two years "against a sheriff . . . . upon a liability incurred by the doing of an act in his official capacity, and in virtue of his office." This action was commenced when the original complaint was filed April 10, 1896. The complaint and the answers allege, and the court found, that the taking was on the twenty-first day of April, 1894. This shows conclusively that the cause of action is not barred by subdivision 2, section 339, of the Code of Civil Procedure. It is not necessary that the court find expressly as to

the statute of limitations, where the facts found or admitted show that the action is not barred. (*Ready v. McDonald,* 128 Cal. 663, and cases cited.)

It is provided in subdivision 1, section 341, of the Code of Civil Procedure, that an action must be commenced against an officer within six months, "to recover any goods . . . . or other property seized by such officer in his official capacity as tax collector." While defendants make the broad statement, in their answers, that the action is barred by the above subdivision of said section 341, it is nowhere alleged or shown that the property was taken by either of the defendants as tax collector. On the contrary, as before shown, it is alleged by defendants that it was taken by defendant Cline in his official capacity as sheriff. And the court found that at the time of taking the defendant Cline was sheriff of Los Angeles county. Under this condition of the record it clearly appears that the property was not taken by Cline as tax collector. It is contended that the original complaint was not for conversion, and that, therefore, the action for conversion was not commenced until the amended complaint was filed, July 23, 1896. We have examined the original complaint, and we think it clearly appears that it attempted to set forth a cause of action for the wrongful conversion of personal property. It states that on the twenty-first day of April, 1896, the plaintiff was the owner and entitled to the possession of the personal property described in the amended complaint; that defendants on said date wrongfully took and converted to their own use all of said property, and that it was of the value of one thousand dollars. The allegations as to the wrongful entry into plaintiff's house and the trespasses therein committed may be regarded as surplusage.

Defendants further claim that they set forth in their answers affirmatively that the property was sold under order of court, and that defendant Pease became the purchaser under a judicial sale. Conceding that this constituted a defense to the action, the burden was upon the defendants to prove it. There is no evidence in this record. In the absence of evidence to support the affirmative matter set up in the answer, the finding must have been against the defendants. A party cannot be heard to complain of the absence of a finding upon a material

issue if the finding must have been against him upon the record as presented. (*Frantz v. Harper* (Cal., Oct. 30, 1900), 62 Pac. Rep. 603, and cases therein cited.)

We advise that the judgment be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed. Garoutte, J., Van Dyke, J., Harrison, J.