[S. F. No. 2887.   Department Two.—February 25, 1902.]

## ELLA, COUNTESS FESTETICS DE TOLNA, Respondent, v. RUDOLPH, COUNT FESTETICS DE TOLNA, Appellant.

DIVORCE—RESIDENCE OF PLAINTIFF—LIVING UPON YACHT—PLEADING—FINDING.—A complaint for divorce alleging the residence of the plaintiff in the state and county for ten years last past supports a finding of the one year's residence required by law. An averment that for six years prior to the last year and four months plaintiff and defendant lived upon a yacht, which sailed upon the high seas from port to port, does not state facts fatally inconsistent with her averment of residence, but it may be regarded as immaterial and a false quantity upon the question of the required residence.

ID.—EVIDENCE NOT SHOWN UPON APPEAL—RESIDENCE NOT DISPROVED—POSSIBILITY AS TO YACHT.—Where the evidence is not shown upon appeal, it does not appear but that the yacht may have been registered in the United States custom house, and may have sailed under the flag of the United States.

ID.—EFFECT OF TITLE OF NOBILITY—RESIDENCE NOT JUDICIALLY NOTICED. —The court cannot judicially notice that the defendant is a resident of a foreign country merely because he affixes a title of nobility to his name.

ID.—DESERTION—COUNTER-AVERMENT OF ANSWER—FINDING.—Where the complaint charged the desertion by the defendant of the plaintiff at the same time and place when and where a counter-averment of the answer alleged a desertion by plaintiff of the defendant, a finding that the defendant at that time and place willfully deserted

the plaintiff without her consent, necessarily involves a finding against the counter-averment of the answer.

ID.—APPEAL FROM JUDGMENT—AFFIRMATIVE DEFENSE—EVIDENCE NOT SHOWN—PRESUMPTION.—Upon appeal by the defendant from the judgment, it is incumbent upon him to show that evidence was offered to prove his affirmative defense; and where the evidence is not returned, it must be presumed upon his appeal in favor of the judgment that no evidence was offered as to such defense.

ID.—COUNTS OF COMPLAINT—DEMURRER TO ONE COUNT—SUPPORT OF JUDGMENT.—Where there were three counts in the complaint, two of which stated a cause of action, the judgment of divorce is sustained, and it is immaterial whether or not a demurrer to the third count should have been sustained.

Appeal from a judgment of the Superior Court of the City and County of San Francisco. George H. Bahrs, Judge.

The facts are stated in the opinion.

Loewey & Gutsch, for Appellant.

E. S. Pillsbury, for Respondent.

COOPER, C.—This appeal is from a judgment awarding the plaintiff a divorce, and comes here on the judgment-roll alone. No question is raised as to the sufficiency of the evidence to justify the findings, nor as to the rulings of the court on the trial. It is argued by appellant that the finding as to plaintiff's residence is outside of the issues made by the pleadings, and hence erroneous. The complaint contains three counts, and in each count it is alleged, "That plaintiff is and for more than ten years last past has been a resident of the state of California, and of the city and county of San Francisco, and is now a resident and inhabitant of said city and county."

Defendant in his answer specifically denied the allegation. The fact that the complaint alleges that from October, 1893, until April, 1899, the plaintiff and defendant lived on the yacht Tolna does not show that plaintiff was not during all said time a resident of the state of California. The question of residence is to be determined by the fact of each particular case, and much depends upon the intention. The fact that plaintiff was sailing the high seas with defendant, going from port to port in different foreign countries, is not fatally in-

consistent with her claim of residence in California. The yacht, for aught that appears, may have been registered at the United States custom house at San Francisco, and sailing under the flag of the United States during all the times alleged. We know of no rule that requires us to take judicial notice that defendant is a resident of Austria because he affixes to his name a title of nobility.

Aside from this, the allegations of the complaint, in regard to living on the yacht, relate to dates and times prior to April, 1899. This action was commenced in September, 1900, and there is not a word in the complaint from which the inference could be drawn that plaintiff had any other residence during this time for more than one year prior to the commencement of the action. This was the material point of time as to residence. What is said in the complaint as to voyages upon the high seas, and living upon the yacht prior to April, 1899, and even as to residence prior to that time, may be regarded as a false quantity.

The defendant averred in his answer, affirmatively, that plaintiff willfully deserted him on the twentieth day of April, 1899, and that she has ever since continued to desert him without cause. It is now claimed that the court failed to find upon the affirmative defense so set up in the answer. We think the court, in effect, did find upon it. Plaintiff in her complaint alleged that defendant willfully deserted her on the twentieth day of April, 1899. The desertion was alleged at the same date in both the complaint and the answer. The plaintiff said the defendant deserted her. The defendant replied that he did not, but that plaintiff deserted him. The court found that "on the twentieth day of April, 1899, at Singapore, in the Straits Settlement, the defendant without cause, and against the will of the plaintiff, and without her consent, willfully and voluntarily separated himself from her with intent to desert her, and did then and there desert her, and thereafter for more than one year, and until the commencement of this suit, continued, and has ever since then continued, without cause and willfully and voluntarily to live separate and apart from her, without her consent, and against her will, and with intent to desert her." This is a finding, in effect, that plaintiff did not desert defendant. The finding is conclusively presumed to be sup-

ported by the evidence on this appeal, and, if true, it follows that plaintiff did not desert defendant on the same day.

Again, a conclusive answer to the claim of defendant is, that there does not appear to have been any evidence offered as to the affirmative defense so alleged. When a party complains of the want of a finding upon an issue made by the pleadings, it is incumbent upon such party to show that there was evidence upon such issue that might have justified a finding in his favor. It will be presumed in favor of the judgment that there was no evidence offered as to the affirmative defense. (*Himmelman* v. *Henry*, 84 Cal. 105; *Giletti* v. *Saracco*, 110 Cal. 430; *Woodham* v. *Cline*, 130 Cal. 497.) Finally, it is claimed that the demurrer of defendant should have been sustained as to the third count in plaintiff's complaint. No claim is made that the first and second counts do not each state facts sufficient to constitute a cause of action. If they do, the judgment is supported, and the objection to the cause of action alleged in the third count is immaterial. (*Nevada etc. Co.* v. *Kidd*, 37 Cal. 308; *Terrill* v. *Terrill*, 109 Cal. 413.)

It follows that the judgment should be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

Henshaw, J., McFarland, J., Temple, J.