## WILLIAMSON et al. v. STRONG et al.

### S. F. No. 2267; March 20, 1902.

#### 68 Pac. 486.

**Replevin.—The Court's Finding, in an Action to Recover** the possession of goods, "that defendants unlawfully and wrongfully detain" the property in question, is a finding on the affirmative defense that the property was not in their possession at the commencement of the suit, and is a finding that defendants were in unlawful possession at the commencement of the action, and is sufficient, in the absence of any evidence to support the affirmative defense.

APPEAL from Superior Court, City and County of San Francisco; George H. Bahrs, Judge.

Action by G. W. Williamson and others against T. E. Strong and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

George D. Collins for appellants; Geo. H. Perry and Fisher Ames for respondents.

SMITH, C.—This is a suit to recover the possession of the personal property described in the complaint, or its value. The complaint is in the ordinary form, and alleges, besides the title of the plaintiff, the value of the property, the taking by the defendant, and other matters, "that said defendants still unlawfully and wrongfully withhold and retain said goods and chattels from the possession of the plaintiff," etc. The answer, besides denying the allegations of the complaint, alleges "that the defendants have no possession of any part of said property, and that at the time of the commencement of said action no part of said property was in possession of defendants, or either of them." The court, in

effect, finds the several allegations of the complaint to be true; and judgment was accordingly entered for the plaintiffs. Motion for new trial was made by the defendant Strong on "the minutes of the court, and on the ground that the decision is against law," and, his motion being denied, he appeals from the order. There is no statement or bill of exceptions in the record.

The only point made by the appellants is that there is no finding on the affirmative allegation of the answer, that the property sued for was not in the possession of defendants at the time of the commencement of the suit. But, assuming that the allegation adds anything to the denials of the answer on this point (which is to be doubted), we think it is clearly covered by the finding "that defendants unlawfully and wrongfully detain" the goods in question. To this finding, indeed, it is objected that it relates to the time of the finding, and not to that of the commencement of the action; but this, we think, is not the case. The findings relate to the issues, which, though made subsequently, always relate to the complaint. Hence, generally, where the contrary intent does not appear, the findings, like the answer, though their language be in the present tense, are to be construed as speaking as of the date of the complaint; and that, in the present case, such was the intent of the finding in question, we do not doubt. Nor is the finding objectionable as being a conclusion of law. It corresponds to the allegation of the complaint, which is in the correct technical form. Nor can it be otherwise construed than as finding that the property was in the possession of the defendants, for otherwise they could not detain or withhold it. The objection of the appellants, it may be added, is also untenable on another ground, which is that it does not appear that there was any evidence tending to prove the allegation in question: Himmelman v. Henry, 84 Cal. 104, 23 Pac. 1098; Hawes v. Clark, 88 Cal. 275, 24 Pac. 116; Winslow v. Gohransen, 88 Cal. 450, 26 Pac. 504; Marchant v. Hayes, 117 Cal. 672, 49 Pac. 840.

We advise that the order appealed from be affirmed.

We concur: Haynes, C.; Gray, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order appealed from is affirmed.