[S. F. No. 2957.   Department Two.—October 31, 1904.]

SAMUEL J. EVA et al., Respondents, v. JOHN SYMONS et al., Appellants.

EJECTMENT—TITLE UNDER WILL—VERBAL GIFT FROM TESTATOR—FINDINGS—SUPPORT OF JUDGMENT.—In an action of ejectment, where the plaintiffs derived title under the will of a deceased testator by distribution thereunder, and the defendants by answer and cross-complaint claimed title, possession, and right of possession by verbal gift from the testator, if the findings clearly negative the defendants' claim, and state that plaintiffs are the owners and seized in fee of the land, they are sufficient to support a judgment for the plaintiffs.

ID.—OMISSION IN FINDINGS—APPEAL FROM JUDGMENT—ABSENCE OF EVIDENCE—PRESUMPTION.—Upon appeal from the judgment, without any bill of exceptions showing what evidence was given, the presumption is in favor of the correctness of the judgment, and it will

not be presumed against such correctness that any evidence was given upon an issue as to which there was no finding, and the judgment will not be reversed for failure to find specifically upon issues as to the right of possession and damages.

APPEAL from a judgment of the Superior Court of Contra Costa County.  William S. Wells, Judge.

The facts are stated in the opinion.

David E. Marchus, and Charles C. Boynton, for Appellants.

M. C. Chapman, Frederick C. Clift, and R. H. Latimer, for Respondents.

CHIPMAN, C.—Ejectment.  Plaintiffs are the heirs at law and devisees of James Eva, deceased, whose last will was duly probated, his estate settled, and final distribution made and the executors discharged.  The land in question was distributed to plaintiffs and they bring the action for possession, for damages for withholding possession, and for rents and profits. Defendants denied specifically the averments of the complaint, and claimed to be the equitable owners of the land by virtue of verbal gift of James Eva in his lifetime and possession taken thereunder and ever since retained, the alleged facts appearing in the answer and in a cross-complaint.

In their answer to the cross-complaint plaintiffs deny specifically defendants' allegations relating to the alleged gift of the land to them; admit defendants' possession, but deny that such possession was taken under the alleged agreement by defendants with James Eva, and pray that they, defendants, "have judgment as hereinbefore prayed for and decree that plaintiffs are the owners, seized in fee of all the said premises in said cross-complaint described," and that defendants have no title to or interest in the land.

The findings of fact set forth that the cause came on regularly to be tried "upon the complaint of plaintiffs theretofore filed herein, and upon the answer and cross-complaint of the defendants theretofore filed herein. . . . Said cause was by stipulation of the parties in open court heard upon the equitable defense interposed by the defendants herein by their answer and cross-complaint filed herein, and the jury was impaneled to advise the court upon such questions of fact

relating to said equitable defense as might be thereafter submitted to it by the court.'' The special issue submitted was, Did James Eva give the land to defendants and place them in possession? The jury answered ''Yes,'' but the court disregarded the verdict and made findings against defendants. The court also found that James Eva took the title to the land in his own name, but did not promise that he would then or thereafter convey the same to defendants, and that he never did convey the title to them or either of them; that plaintiffs claim as devisees of said James Eva, deceased, and ''plaintiffs are the owners of said real property, and are seized in fee of the legal title thereto and the whole thereof.'' As conclusions of law, the court found that defendants are not the owners of the land nor seized in fee of all or any part thereof, and that plaintiffs are the owners and seized in fee of the whole thereof; that defendants are not entitled to judgment on their equitable defense interposed by their answer and cross-complaint, but that plaintiffs are entitled to judgment thereon. Judgment passed for plaintiffs, adjudging that ''plaintiffs are the owners seized in fee of said lands and premises and the whole thereof; that defendants are not entitled to judgment upon their equitable defense interposed in this action, but that plaintiffs are entitled to judgment'' thereon. Defendants appeal from the judgment on the judgment-roll alone.

The points made by appellants are, that there is neither finding of fact nor judgment determining the issue of right of possession or of damages, and the court therefore failed to find on a material issue (citing *O'Brien* v. *O'Brien,* 124 Cal. 422) ; and that there can be but one final judgment, and a judgment which determines ''as to one or a portion of the issues only is premature and contrary to the course of law.'' (Citing *Fox* v. *Hale & Norcross S. M. Co.,* 112 Cal. 568; *White* v. *White,* 130 Cal. 597,[1] and other cases.)

So far as any right asserted by defendants is concerned, the court made complete findings against defendants. They claimed the title and possession and right of possession upon an alleged verbal gift, and not otherwise. The findings and judgment clearly negative these issues. The court further found. and also adjudged, that plaintiffs are the owners and

[1] 80 Am. St. Rep. 150.

seized in fee of the land. The findings are sufficient to support the judgment, and contain nothing inconsistent with it. The cause is here on the judgment-roll alone. It will not be presumed against the correctness of the judgment that there was evidence upon a point in respect to which there is no finding. In *Wise* v. *Burton,* 73 Cal. 175, the rule was stated as follows: "This court will not reverse for want of a finding on an issue, where there is no evidence in relation to such issue." (See *Himmelman* v. *Henry,* 84 Cal. 104; *Gregory* v. *Gregory,* 102 Cal. 52.) In the recent case of *Kaiser* v. *Dalto,* 140 Cal. 167, the court said: "It is also settled that the failure to find upon an issue will not be ground for reversing a judgment otherwise correct, unless it appears by statement or bill of exceptions that evidence was given upon such issue."

Whether plaintiffs have by the judgment obtained all the relief to which they are entitled or are seeking, or can in this action have further relief, are questions which do not now concern us. It is clear that under the rule above stated appellants are not entitled to have the judgment reversed, and we therefore advise that it be affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.    McFarland, J., Lorigan, J., Henshaw, J.