[No. 73. Second Appellate District.—October 7, 1905.]

## H. E. DOWNING, Respondent, v. D. F. DONEGAN, and HELEN DONEGAN, Appellants.

ACTION UPON NOTE—EQUITABLE DEFENSE—SUFFICIENCY OF FINDINGS—OMISSION—PRESUMPTION.—In an action upon a note where all other issues were sufficiently covered by the findings, the omission to find upon an equitable defense pleaded in the answer will not have the effect to invalidate the judgment for the plaintiff where it does not appear by the statement or bill of exceptions that evidence was submitted in relation to such issue; but it must be presumed in such case that there was no evidence to support it.

ID.—EXCESS IN AMOUNT FOUND DUE—COLLATERAL SECURITY—PRINCIPAL DEBT—MODIFICATION OF JUDGMENT.—Where it appears that the note in suit was given as collateral security, the amount recoverable thereupon cannot exceed the principal debt; and where the findings show an excess in the amount found due above that debt, that judgment must be modified accordingly.

APPEAL from a judgment of the Superior Court of Los Angeles County. M. T. Allen, Judge.

The facts are stated in the opinion of the court.

Charles H. McFarland, for Appellants.

Bernard Potter, for Respondent.

SMITH, J.—Appeal from a judgment for the plaintiff. This is a suit by the assignee of a note of date May 9, 1898, executed by the defendants to one Joyce, the plaintiff's assignor, for the sum of twelve hundred dollars, with interest at the rate of eight per cent per annum from date, com-

pounded quarterly. The complaint alleges that no part of said promissory note, or the interest thereon, has been paid, and that the amount thereof, with interest, is now due and owing from the defendants. The answer denies these allegations, or that there is due to the plaintiff the amount claimed or any amount, and further alleges that the amount mentioned in the note, with interest, has been fully paid and discharged. There is also what is called a "supplemental and amendatory and additional answer," alleging that the note executed to Joyce was secured by a chattel mortgage upon certain horses; and also setting up the equitable defense stated below. This document, as it is written, is without coherence or sense, by reason of the words "plaintiff" and "plaintiff and his wife" being written therein, instead of the words "defendant" and "defendant and his wife,"—which were plainly intended. Correcting it in this respect, it appears from the allegations therein contained that certain lands of the defendants mortgaged to one Hawkinson had been sold under foreclosure to the mortgagee, and that there was an agreement between defendant and Joyce for the latter to redeem from the sale, and thus to acquire title and to hold the same as an additional security for the note in suit and the money paid by him for redemption. It is further alleged that Joyce sold the property for the sum of sixty-five hundred dollars, which he has kept for his own use. It does not appear what amount was paid by Joyce for the redemption. But it is alleged, in effect, that at the time of the sale the amount due on the note did not exceed the sum of five hundred dollars, and that the proceeds of the sale were sufficient to satisfy the defendant's indebtedness to the plaintiff, and leave the latter indebted to the former; and, in the absence of special demurrer, this must be regarded as sufficient.

The findings of the court are, in effect: That the note sued on was executed by the defendants to Joyce as *collateral security* for the payment of a note previously executed to him by the defendant Donegan for the sum of two thousand dollars, of date June 1, 1897; that some months prior to the execution of the note sued on (March 5, 1898) there was an account stated between Joyce and Donegan, showing a balance on the older note of $1,448, bearing interest at the rate of eight per cent per annum; "that on the 26th day of Novem-

ber, 1900, the sum of $660, and no more, was paid on account of said amount due, as per said account stated''; and ''that the amount of the principal and interest now due and unpaid, according to the terms of said account stated, and the said note sued upon herein, is $1,416.62''; for which amount judgment was entered.

The several objections urged by the appellants to the judgment are, in effect: That the court has failed to find upon the issues raised by the ''amendatory answer''; also, that it has failed to find on the issue as to payment raised by the original answer; and that the actual findings on which the judgment is based are outside the issues in the case.

As to the issues referred to in the first point, there is obviously no finding; and the only question, therefore, is whether the case is one in which it is to be presumed, in support of the judgment, that there was no evidence on those issues. The rule on this point, as expressed in the leading case,—after very careful consideration,—is: ''The findings must be sufficient to support the judgment, and must contain nothing inconsistent with it, but a failure to find upon some issue, a finding upon which would simply have the effect of invalidating a judgment fully supported by the findings made, will not be held ground for reversal, unless it is shown by statement or bill of exceptions that evidence was submitted in relation to such issue.'' (*Himmelman* v. *Henry,* 84 Cal. 106, 107, [23 Pac. 1098]; *Winslow* v. *Gohransen,* 88 Cal. 451, [26 Pac. 504]; *Dolliver* v. *Dolliver,* 94 Cal. 646, [30 Pac. 4]; *Southern Pacific R. R. Co.* v. *Dufour,* 95 Cal. 621, [30 Pac. 783], Paterson, J.; *Estate of Carpenter,* 127 Cal. 587, [60 Pac. 162]; *Eva* v. *Symons,* 145 Cal. 205, [78 Pac. 648].) The rule is stated somewhat more broadly in some other cases, but what is said by the court must be construed with reference to the facts involved, which were such as to bring the cases within the application of the rule as originally expressed. (*Woodham* v. *Cline,* 130 Cal. 499, [62 Pac. 398]; *De Tolna* v. *De Tolna,* 135 Cal. 578, [67 Pac. 1045]; *Horwege* v. *Sage,* 137 Cal. 539, [70 Pac. 631].)

The rule is to be understood, therefore, as applying only to cases where there are findings sufficient to support the judgment. Nor can it well be carried further without abrogating altogether the provisions of sections 632 and 634 of the Code

of Civil Procedure, and restoring the law to what it was under the statutory provisions previously existing, which those sections were enacted to repeal. (Practice Act, sec. 180.) The actual question involved, therefore, is whether there is a sufficient finding on the issue of payment made by the allegations of the complaint and the denials of the answer—the other allegations of the complaint being admitted. On this issue, indeed, the burden of proof was on the defendants; but it will be assumed for the purposes of this decision that a finding upon the issue was necessary. (*Estate of Carpenter,* 127 Cal. 587, [60 Pac. 162].) On this question the findings are somewhat complicated, but it is found, in effect, that the only payment made upon the note in suit was the sum of $660, paid November 25, 1900, on the original indebtedness. For this the note in suit was given as collateral, and all that can be recovered is the principal debt. Calculating the amount due upon this, with simple interest at eight per cent per annum to the date of credit, the amount due thereon, and consequently on the note in suit, would be $1,103.34; and this, with simple interest at the rate of eight per cent per annum, would amount at the date of the finding to the sum of $1,364.46; which is $52.16 less than the amount found to be due. The issue of payment seems, therefore, to have been fully disposed of. The amount found to be due, indeed, is $52.16 in excess of the amount shown by the facts found, but this error can be cured by modifying the judgment.

With regard to the equitable defense set up, it must be presumed, therefore, there was no evidence offered to support it.

As to the third point, the findings seem to touch upon points outside of the issues, but the facts found are pertinent to the ultimate issue as to payment, and all that can be objected to them is that the court, or the counsel who drew them, pursued an unnecessarily roundabout way of disposing of that issue.

The case is remanded to the lower court, with directions to modify the judgment as above indicated; and as thus modified it will stand affirmed.

Allen, J., concurred.

GRAY, P. J., concurring.—I concur in the judgment for the following reasons:—

The due execution of the note in suit, and its assignment to plaintiff, and that the latter is the "owner and holder" thereof, is admitted by the defendants' failure to deny the same. Inasmuch as the execution of the note and ownership in plaintiff were admitted by the pleadings, if the case had been submitted without any evidence the plaintiff would have been entitled to a judgment for the principal and interest of his note. The burden was on defendants to prove their affirmative defense as to the trust fund. It was also on them to prove their affirmative defense of payment. It is held that while the plaintiff must allege nonpayment in his complaint, yet he need not prove this negative allegation, but the defendant must prove payment, if he relies upon it as a defense. The admission of the execution and ownership of the note established an indebtedness, and such indebtedness would be presumed to continue until it was shown to have been extinguished. (*Melone* v. *Ruffino,* 129 Cal. 514, [74 Am. St. Rep. 127, 62 Pac. 93]; *Thompson* v. *Thompson,* 140 Cal. 545, [74 Pac. 21].)

There being no evidence in the record, it is impossible for us to determine whether payment or the other affirmative defense was established at the trial, and unless we can determine from the record that there was evidence given necessitating findings in defendants' favor upon those defenses we cannot disturb the judgment for want of such findings. It will be presumed in support of the judgment that there was no evidence offered in support of those affirmative defenses. (*De Tolna* v. *De Tolna,* 135 Cal. 575, [67 Pac. 1045]; *Woodham* v. *Cline,* 130 Cal. 497, [62 Pac. 398]; *Winslow* v. *Gohransen,* 88 Cal. 450, [26 Pac. 504].) "The rule, then, is that an appellant from a judgment against him in the court below will not be heard to complain that the court failed to find upon some issue tendered by him, unless he brings up the evidence and thereby shows that he litigated that issue in the trial court and introduced evidence upon the issue which would have justified a finding in his favor. One reason for this rule is that, since he had the affirmative upon that issue, if he introduced no evidence, the finding would necessarily have been against him, and, therefore, he is not injured by

the failure of the court to make a finding." (*Estate of Carpenter*, 127 Cal. 587, [60 Pac. 162]; *Eva* v. *Symons*, 145 Cal. 202, [78 Pac. 648].)

Of course, a finding as to what was "due on the note" would have been a mere conclusion of law and entirely unnecessary. The amount due is a mere matter of calculation on the face of the note, the due execution of which and assignment to and consequent ownership in the plaintiff have been admitted by the pleadings. Of course, the defendants cannot be heard to complain that the judgment against them is for less than such computation shows to be due.

Appellants also complain that the findings of the court were entirely outside the issues, and this seems to be the fact. But such findings should be entirely disregarded, and cannot be ground for reversal. The judgment is within the case as made by the complaint, and rests for support on the admission of the answer that the note was duly executed and is now in the hands of the plaintiff as the owner thereof; and these findings outside the issues are entirely unnecessary to the support of the judgment, and may be treated as mere surplusage.

I am therefore of opinion that the judgment should be affirmed as it stands, and upon this I concur in the judgment as reduced, upon the theory that the greater includes the less.