[L. A. No. 4552.   Department One.—November 14, 1918.]

M. H. OGDEN, Respondent, v. BENJAMIN F. FORD et al., Appellants.

PROMISSORY NOTE—CONSIDERATION—SATISFACTION OF JUDGMENT—DISMISSAL OF CRIMINAL ACTION.—In an action on a promissory note, where the record shows it was given in satisfaction of a judgment obtained by plaintiff against certain parties for money of his which they had wrongfully appropriated and against whom a criminal proceeding was pending, it cannot be held that the consideration was illegal, where it is not shown that it was given on an agreement to dismiss the criminal proceeding or not to prosecute them.

ID.—EVIDENCE—CROSS-EXAMINATION.—It was not error to sustain an objection to questions asked on cross-examination of the makers of the note in such a case, as to conversations had by them with the guarantors as to the purpose for which the note was to be given, where the payee was not present and had no part in the conversations, and there was no examination of the witnesses in chief on the subject.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial. W. A. Sloane, Judge.   Affirmed.

The facts are stated in the opinion of the court.

W. J. Rodgers, and Ford & Hammon, for Appellants.

M. H. Fleming, and Geo. M. Harker, for Respondent.

VICTOR E. SHAW, J., *pro tem.*—In this action plaintiff obtained judgment against Benjamin F. Ford and Frank J. Becker as guarantors of a promissory note made and delivered to him by Russell T. and George M. Briggs.

From this judgment and an order of court denying their motion for a new trial the defendants, Becker and Ford, have appealed.

As a defense to recovery on the note, defendants alleged that the consideration thereof was an agreement on the part of plaintiff that he would dismiss, or cause to be dismissed, a certain criminal proceeding then pending in the superior court against Russell T. and George M. Briggs, and against

whom he had sworn to a complaint charging them with embezzlement. Such agreement, if made as alleged, would, of course, render the note void. (*Keating* v. *Morrissey,* 6 Cal. App. 169, [91 Pac. 677]; *Thom* v. *Stewart,* 162 Cal. 415, [122 Pac. 1069].) As to this issue, however, the court found adversely to defendants, and further found that the note with the indorsement of defendants guaranteeing payment thereof was duly made and delivered to plaintiff in satisfaction of a judgment obtained by him against the said Russell T. and George M. Briggs, and in the absence of any agreement, promise, or understanding on his part, express or implied, to dismiss the criminal action then pending against the said Briggs, or otherwise to refrain from the prosecution thereof.

Appellants' chief claim is that this finding is not supported by the evidence. The record discloses no ground for such contention. As appears therefrom, the note, payment of which was guaranteed by appellants, was given in satisfaction of a judgment obtained by plaintiff against the Briggses for money of his which they had wrongfully appropriated. Assuming that both they and appellants believed, as the evidence tended to prove, that defendants in the criminal action would fare better if they reimbursed plaintiff for the loss incurred by reason of their offense, their act in so doing was not due to any agreement or promise on his part not to prosecute them. Indeed, the control of the prosecution was in the hands of the district attorney, who says that upon learning that Briggs had satisfied the judgment, he dismissed the prosecution, for the reason that in such cases it was extremely difficult to secure a conviction where the civil liability had been settled. True, he further stated that plaintiff said he did not wish to prosecute them and gave expression to language indicating his desire to have the action dismissed, as to which, however, whether to the district attorney or to others, both plaintiff and his attorney, Freeman, denied the making thereof. Other than this conflicting testimony, no evidence was adduced on behalf of defendants tending to show that plaintiff ever at any time agreed to cause the criminal action against Briggs to be dismissed in consideration of the giving of the note guaranteed by them. While it is, no doubt, true that defendants and Briggs hoped that by giving the note in satisfaction of the civil liability the latter, as they did, would escape prosecution, none of them testified

to any act or word of plaintiff which could be interpreted as an agreement on his part to aid in such escape, and the evidence given on behalf of plaintiff shows the nonexistence of such fact.

There is nothing in the record disclosing error on the part of the court in sustaining objections to questions asked on cross-examination of the witnesses, Maud S. and Russell T. Briggs, as to conversations had by them with defendants as to the purpose for which the note was to be given. Plaintiff was not present and had no part in these conversations. Moreover, since there had been no examination in chief upon the subject of the interrogation, such fact alone was sufficient reason for the ruling.

The judgment and order are affirmed.

Richards, J., *pro tem.,* and Sloss, J., concurred.