[Civ. No. 18662. Second Dist., Div. Three. May 27, 1952.]

ELEANOR S. PALERMO, Appellant, v. MAC T. PYKE et al., Respondents.

Joseph Steel and George Appell for Appellant.

William H. Levit and William C. Stein for Respondents.

WOOD (Parker), J.—In this action for rescission the plaintiff appeals upon the judgment roll from the judgment in favor of defendants.

Plaintiff is the assignee of Oswald Palermo. In October, 1947, Oswald Palermo, who was in the business of manufacturing women's wearing apparel, and defendants Pyke and Nellis entered into a written agreement wherein Palermo represented that he owned certain machinery and equipment; wherein Pyke and Nellis represented that they owned all the issued capital stock of Cinema Modes, a corporation; and wherein Palermo agreed to sell said machinery and equipment to Pyke and Nellis for 10,000 shares of stock of Cinema Modes. It was also stated therein that Palermo understood that Pyke and Nellis intended to enter into commitments for leasing space in the name of Cinema Modes in reliance upon the performance of the agreement by Palermo; that in the event he failed to comply with the agreement he would indemnify them for all damage suffered; that Palermo would be elected the third director of Cinema Modes when he acquired said stock.

In November, 1947, the said parties entered into a written agreement which provided that the parties agreed that the inventory value of the machinery and equipment, namely, $18,463.09, had been reduced, for the purpose of said sale, to $15,119.36; and that the book value of the 10,000 shares of stock was $15,119.36. A bill of sale covering said machinery and equipment was made by Palermo and delivered to said buyers. A stock certificate representing 10,000 shares of Cinema Modes was made and delivered to Palermo. Pyke and Nellis transferred the machinery and equipment to Cinema Modes in settlement of their indebtedness to the corporation in the sum of $15,119.36.

On January 13, 1948, Palermo was arrested upon a charge of burglarizing a building of Caltex Corporation, his former employer, on March 1, 1947, and stealing therefrom 20 sewing machines and 4 cutting machines, which machines were a part of the machinery and equipment that he sold to Pyke and Nellis. Later he pleaded guilty and was sentenced to the penitentiary.

On January 15, 1948, Palermo, Pyke, Nellis and Cinema Modes entered into a written agreement, entitled ''Agreement of Rescission,'' which recited in part that it had been ascertained by Pyke and Nellis and substantiated by Palermo that 21 sewing machines and 3 cutting machines which were a part of the machines and equipment sold by Palermo did not and do not belong to him; that others are claiming the

machines and that Pyke, Nellis, and Cinema Modes are obliged to return the machines to the rightful owner of them; that "all of the parties hereto agree that irreparable damage and harm has been done to the said buyers and said corporation by virtue of the facts hereinabove referred to and for the first time now disclosed by the said Palermo and by others to said buyers and to said Cinema Modes, a corporation." After said recital in said agreement, it was provided therein that the agreement, made in October, 1947, which was the basis of the purchase and sale whereunder Palermo obtained the 10,000 shares of stock in Cinema Modes, and Cinema Modes by mesne conveyances obtained certain sewing machines and equipment, is "by these presents mutually irrevocably revoked . . . and rescinded, as though the same had never taken place . . . and all of the incidents of said Purchase and Sale Agreement, including the Bills of Sale involved and the transfer of said stock certificate, are also . . . rescinded and annulled"; and that "As consideration in part only, however, for the damage which the said Palermo acknowledges that he has caused the said buyers and the said corporation, the said Palermo hereby . . . sells, assigns . . . and delivers unto Cinema Modes, a corporation, the twenty-two (22) sewing machines which actually did belong to him . . . together with all of the other . . . equipment."

On August 15, 1949, Palermo assigned all his interest in the 10,000 shares of stock to plaintiff for the purpose of bringing an action for rescission of said agreement for rescission and to recover for said Oswald Palermo the said 10,000 shares of stock. In November, 1949, a notice of rescission of said agreement of rescission was signed by plaintiff and was served on Pyke, Nellis, and Cinema Modes.

In the complaint herein it was alleged that there was no consideration passing from defendants to Oswald Palermo for the agreement of rescission, and that in order to induce Palermo to execute the agreement of rescission the defendants and an attorney for defendants fraudulently represented to him (1) that if he did not execute it the business of Cinema Modes would suffer irreparable loss and his shares of stock would become worthless, and (2) that if he assigned the certificate for 10,000 shares of stock to Cinema Modes the certificate would be returned to him after the termination of the criminal proceedings. Also, it was alleged therein that by reason of said fraudulent representations plaintiff had been damaged in the sum of $18,493.09.

The court found, among other things, that Palermo had warranted in the purchase and sale agreement that he had good title to 20 sewing machines and 4 cutting machines and other personal property, and by reason of said warranty the defendants executed the agreement; Palermo did not at any time own said 20 sewing machines and 4 cutting machines and said warranty was false as to said property, but the warranty of title to the other machines and equipment was true; Palermo pleaded guilty to a charge of burglary and theft of the 20 sewing machines and 4 cutting machines and was sentenced to the penitentiary; Palermo, prior to his arrest, did not divulge to defendants or any of them the fact that he had committed said burglary and theft, and defendants had no knowledge thereof until said arrest; the stolen machines were of the value of $5,000; the owner of those machines demanded the return thereof and defendants did return them to the owner; by reason of the fact that Palermo did not own said machines and by reason of his failure to disclose to defendants that he had stolen them, the defendants were entitled to rescind the purchase and sale agreement; by reason of said breach of warranty of title and misrepresentation by Palermo, the defendants were damaged in the sum of $5,000, being the value of said machines; defendants did suffer further damage and injury by reason of the failure of Palermo to disclose to them prior to his arrest the fact that he had committed the burglary and stolen said machines; Palermo, in said agreement of rescission, agreed that defendants had been so injured and damaged by his breach of warranty, misrepresentation and failure to disclose facts as aforesaid; the recital of fact in said agreement of rescission that ''irreparable damage and harm has been done to the said buyers and said corporation by virtue of the facts hereinabove referred to'' is conclusively presumed to be true between the parties to said agreement, and said Oswald Palermo and plaintiff are estopped to deny the said agreement by Oswald Palermo that defendants had been so damaged as the result of said acts of Oswald Palermo; by reason of the facts found said agreement of rescission was supported by a good and valid consideration and is binding upon the parties thereto and plaintiff; at no time did defendants or anyone acting on their behalf fraudulently or at all state or represent to Palermo that if he did not execute the agreement of rescission the business of Cinema Modes would

suffer an irreparable or any loss or that if he assigned the 10,000 shares of stock to Cinema Modes the shares would be returned to him after the termination of the criminal proceedings or at all; no fraudulent statements were made to Palermo at any time by any of said parties; Palermo read and understood said agreement of rescission before he executed it; the property, other than the 20 sewing machines and 4 cutting machines, had intrinsic value and said property was not returned to plaintiff; said 10,000 shares of stock are presently of the same value they were at the time of the assignment by Palermo to Cinema Modes.

Appellant (plaintiff) asserts that since defendants did not plead estoppel, the finding that appellant and Palermo are estopped to deny that defendants have been damaged as a result of the acts of Palermo is abortive. Respondents' reply thereto is in part that since a copy of the agreement of rescission was attached to the complaint as an exhibit, and since that agreement contained the provision that all parties agree that irreparable damage and harm had been done to the buyers and Cinema Modes by the acts of Palermo, the issue as to whether there was "estoppel by contract" was an issue at the trial without estoppel being pleaded by defendant. It is not necessary, by reason of the conclusions hereinafter stated, to decide whether under the circumstances here estoppel should have been pleaded.

Section 1962 of the Code of Civil Procedure provides that "The following presumptions . . . are deemed conclusive: . . .; 2. The truth of the facts recited, from the recital in a written instrument between the parties thereto, or their successors in interest by a subsequent title; but this rule does not apply to the recital of a consideration." Appellant asserts that the court erroneously applied said section 1926, subdivision 2, to the recital in the agreement of rescission that Palermo had agreed that he had done irreparable damage and harm; and that the court erred in finding that the recital in said agreement that "irreparable damage and harm has been done to the said buyers and said corporation by virtue of the facts hereinabove referred to" is conclusively presumed to be true between the parties to said agreement, and said Palermo and plaintiff are estopped to deny the said agreement by Palermo that defendants had been so damaged as the result of his said acts. ■ Appellant argues that said recital as to irreparable damage was a recital of consideration and therefore was within the exception stated in said section 1962,

subdivision 2, that said conclusive presumption did not apply to the recital of a consideration. The recital in the agreement was, as above stated, that "irreparable damage and harm has been done to the said buyers and said corporation by virtue of the facts hereinabove [in said agreement] referred to." That was not a recital of consideration but it was a recital of a fact, namely, that Palermo's burglary, theft, false warranty of title, and deceit had caused irreparable damage and harm to defendants. Such recital or agreement of the parties was conclusive as to the fact that defendants had been so damaged. It is to be noted that the court's finding, regarding estoppel, was that Palermo and plaintiff were estopped to deny the agreement by Palermo that he had so damaged the defendants —it was not a finding that they were estopped to show the consideration or the extent to which defendants had been damaged. It is true that a provision in the body of said agreement (paragraph 2) states that "As consideration in part only, however, for the damage which the said Palermo acknowledges that he has caused the said buyers and the said corporation, the said Palermo hereby . . . sells, assigns . . . and delivers unto Cinema Modes, a corporation," the 22 machines which actually belong to him, together with all the other equipment. That provision was a recital of a consideration but it was not conclusive that that in fact was the consideration for the agreement. The fact that in another part of the agreement there was a conclusive recital, to the effect that defendants had been damaged, did not preclude the plaintiff from presenting evidence as to what in fact was the consideration or what was the extent of the damage. In *Lane Mortgage Co.* v. *Crenshaw*, 93 Cal.App. 411, it was said at page 424 [269 P. 672] : "The instrument being in writing imports a consideration, even without a recital thereof. The recitals in the instrument are conclusively presumed to be true as between the parties thereto or their successors in interest by a subsequent title (Code Civ. Proc., sec. 1962). This conclusive presumption does not apply to the recital of the consideration. However, the presumption would apply to the recital that 'said lease is valuable to the Hotel Company and was procured for it by the Lane Company, and said Lane Company has agreed to finance the construction of the building by loaning $200,000.00. . . .' The further recital in said instrument that the said services and loan by Lane Company constituted the consideration for the lease and agency are not deemed conclusive under the code section 1962, Code of Civil Pro-

cedure." It thus appears that the recital in the present case that "irreparable damage" was caused by Palermo, was a recital of fact and was conclusive; and that the further recital that damage was a consideration for the agreement is not conclusive and was open to question by appellant at the trial.

Appellant argues (1) that the finding that plaintiff was estopped to deny Palermo's agreement that defendants had been damaged "prevented" plaintiff from proving a want of consideration for the rescission agreement; and (2) that the said finding reflects the philosophy of the trial judge, which "precluded" plaintiff from establishing that no damage was suffered by the defendants. The findings, of course, were not in existence at the time of trial, and therefore it is clear that said finding did not prevent plaintiff from presenting evidence as to consideration. The assertion that the finding reflects the philosophy of the judge which "precluded" plaintiff from establishing that no damage was suffered is speculative. Those arguments of appellant imply that appellant was "prevented" and "precluded" from proving no consideration and no damage. It is to be remembered that this is an appeal upon the judgment roll. There is no record here as to whether appellant was so prevented or precluded. (In response to appellant's assertion that she had been precluded from presenting evidence as to consideration, counsel for respondents suggested at the argument on appeal, and also in respondents' brief, that the record be augmented by appellant, but appellant's counsel did not adopt the suggestion.) The court found, as above stated, that by reason of the facts found the agreement of rescission was supported by a good and valid consideration and is binding upon the parties thereto and plaintiff.

The contention of appellant regarding unjust enrichment is not supported by the judgment roll. By reason of the above conclusions, it is not necessary to determine other contentions of appellant.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 24, 1952.