[L. A. No. 25769. In Bank. May 10, 1960.]

CARRELL W. BOWYER, Appellant, v. JAMES BURGESS et al., Defendants; ANDREW WALIGA et al., Respondents.

*Assigned by Chairman of Judicial Council.

Winthrop O. Gordon for Appellant.

Ferguson & Judge and James F. Judge for Respondents.

DOOLING, J. pro tem.*—Plaintiff appeals from a judgment in favor of defendants and respondents Waliga in an action to recover approximately $5,000. The only basis for recovery against these respondents was the following agreement in writing:

"Fullerton, Calif. April 21, 1956.

"It has been proven and is acknowledged by the under-signed that James Burgess has been for all of his employment

---

*Assigned by Chairman of Judicial Council.

period with Bastanchury Water Co. withholding for his own use certain funds which were the property of the company.

"Subject to further audit, the exact amount is unknown but [it] is acknowledged that the sum may be between $2,000.00 and $5,000.00. It is desired by Burgess and his relatives that no legal prosecution be instituted to which the Bastanchury Co. agrees, subject to complete restitution immediately upon determination of the correct amount. Method and manner of payment to be determined by the Bastanchury Co.

"Pending settlement of this account, Burgess agrees that he will not change residence and that he and his wife agree to guarantee payment of the money as determined by pledging their available . . . assets. They further agree not to dispose of or involve in any way any of their assets.

"/s/ James Burgess
"/s/ Rose Burgess
"Because of our desire to avoid prosecution of said Burgess, we guarantee availability of Burgess and also payment of this obligation.

"/s/ Andrew Waliga
"/s/ Theresa Waliga
"Acknowledged for Bastanchury Water Company.
"/s/ Carrell Bowyer."

The evidence showed that James Burgess had been employed as a route salesman by plaintiff doing business under the fictitious name of Bastanchury Water Company, that said Burgess had kept for himself and not paid over to plaintiff a portion of the money which he had collected for plaintiff, and that when this shortage was discovered negotiations were engaged in which resulted in the execution of the quoted contract upon which this action is based.

Respondents defended on the ground that the agreement was illegal and void, being a contract not to prosecute the said Burgess for a crime. The parol evidence was conflicting, plaintiff and another witness testifying that in the negotiations there was no discussion of a criminal prosecution and that plaintiff's only interest was in recovering the money shortage and the possible institution of a civil action for that purpose. Defendant Andrew Waliga, however, testified that plaintiff stated that he would institute criminal proceedings against Burgess unless the agreement was signed and that with such understanding the agreement was executed. The trial judge chose to believe Waliga and found that the word

"prosecution" was used in said agreement as synonymous with "criminal prosecution" and that "[t]he only consideration given by plaintiff . . . was the promise of plaintiff not to prosecute . . . Burgess for the crime of taking money from plaintiff." From this the court concluded that the agreement was illegal and void. It is a crime for any person "having knowledge of the actual commission of a crime" to enter into an "agreement or understanding to compound or conceal such crime, or to abstain from any prosecution thereof . . ." (Pen. Code, §153) and an agreement not to prosecute a person for a crime is illegal and void (*Ogden* v. *Ford*, 179 Cal. 243 [176 P. 165]; *Thom* v. *Stewart*, 162 Cal. 413 [122 P. 1069]). The trial court's finding on conflicting evidence that the only consideration for the contract was the promise not to prosecute Burgess for the crime of taking money is conclusive on appeal.

Plaintiff further argues that the findings do not support the judgment since there was no finding that a crime had been committed by Burgess. He relies upon the rule that where no prosecution is pending the actual commission of a crime must be shown to make the agreement not to prosecute illegal. (17 C.J.S., Contracts, § 228, p. 602; *Woodham* v. *Allen*, 130 Cal. 194, 198 [62 P. 398]; *Hutchinson* v. *Hutchinson*, 48 Cal.App.2d 12, 21 [119 P.2d 214].) The propriety of this rule has been questioned (6 Williston on Contracts, rev. ed., 1938, § 1718, pp. 4857-4858; Rest., Contracts, § 548, subsec. 1, comment a), but we are not compelled to make a choice of the proper rule in this case. Conceding the correctness of the rule contended for by the appellant the record fully supports the judgment. The agreement itself shows the commission of a crime by its recital that "[i]t has been proven and is acknowledged . . . that James Burgess has been . . . withholding for his own use certain funds which were the property of the company." This language is a reasonably accurate lay description of embezzlement. This recital is one of fact and cannot be disputed by plaintiff as a party to the agreement. (Code Civ. Proc., § 1962, subd. 2; *Estate of Watkins*, 16 Cal.2d 793, 798 [108 P.2d 417, 109 P.2d 1]; *Palermo* v. *Pyke*, 111 Cal.App.2d 350, 354 [244 P.2d 726].) Additionally on cross-examination, plaintiff testified that he had been informed by his office accountant that Burgess had been taking the company's money and that he knew that this was "against the law of the State of California" and was "stealing."

The failure to make a finding on a material issue is harmless where the evidence is such that "had a finding been made on such issue it would have been adverse to the contentions advanced by the appellant." (*Miller* v. *Ambassador Park Syndicate*, 121 Cal.App.2d 92, 97 [9 P.2d 267].) On the record before us this is such a case.

Judgment affirmed.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., Peters, J., and White, J., concurred.